OPINION OF THE COURT
 

 Smith, J.
 

 At the time of her petition for support from her husband, brought pursuant to Family Court Act § 412, petitioner’s husband was institutionalized and receiving Medicaid. The issue here is whether in an action for spousal support by a community spouse against an institutionalized spouse, the Family Court is free to apply the prior standard of living or life-style standard rather than the minimum monthly needs allowance standard under Social Services Law § 366-c. We conclude that the appropriate standard is the minimum monthly needs allowance and, accordingly, reverse the order of the Appellate Division.
 

 Medicaid is a joint Federal and State program which provides medical assistance to those without sufficient resources to meet the costs of medical care. As we noted in
 
 Matter of Schachner v Perales
 
 (85 NY2d 316, 319-320), once a person has entered a nursing home, the greater portion of his or her income is applied to his care. Because of this requirement, many spouses still living in the community became impoverished. Congress sought to ameliorate this result by passing the Medicare Catastrophic Coverage Act (MCCA) (42 USC § 1396r-5, as amended by Pub L 100-360, 102 US Stat 753). It permitted a State to establish a minimum monthly needs allowance for the community spouse, to be provided, if necessary, from the income received by the institutionalized spouse.
 

 Consistent with the requirements of the MCCA, the Social Services Law provides an allowance for the noninstitutionalized or community spouse, $1,764 at the time of the Family
 
 *50
 
 Court order
 
 [1]
 
 (Social Services Law § 366-c [2] [g]). This allowance, referred to as the community spouse monthly income allowance, is paid by the institutionalized spouse to the community spouse, but only to the extent the institutionalized spouse possesses sufficient means and the community spouse’s own income is below the statutory minimum monthly needs allowance. Therefore, the institutionalized spouse’s income available to help pay for his/her medical care is reduced by the amount necessary to bring the community spouse up to the minimum monthly needs allowance level. Additionally, the community spouse is entitled to retain resources totaling $60,000, excluding a home and the land on which it sits, without jeopardizing the institutionalized spouse’s eligibility for Medicaid (Social Services Law § 366-c [2] [d]; 42 USC § 1382b). Social Services Law § 366-c was promulgated to implement, at the State level, the Federal MCCA and "to protect the community spouse from financial disaster when the primary income-providing spouse becomes institutionalized”
 
 (Matter of Schachner v Peroles,
 
 85 NY2d 316, 323,
 
 supra).
 

 In October 1992, petitioner Marilyn Gomprecht filed a petition in the Family Court seeking an order of support pursuant to Family Court Act § 412 against her husband, respondent Gustav Gomprecht. Respondent was institutionalized in a nursing home from August 17, 1992 until his death on July 16, 1993. At the time of his institutionalization, respondent’s income, consisting of a private pension ($4,143.64) and Social Security ($1,577.67), was $5,721.31 per month. In December 1992, respondent applied for Medicaid benefits to cover the cost of his nursing home care. This initial application for Medicaid was denied due to excess assets.
 

 Respondent had previously transferred nearly all of his assets, totaling well over $1 million, to petitioner. These assets included two residences, an apartment in Manhattan and a house in East Hampton assessed at over $430,000, several bank accounts totaling over $9,000, as well as investments. Respondent filed a request for reconsideration of his application for Medicaid benefits. This second application for benefits was granted in April 1993.
 

 Based on respondent’s application to the New York City Human Resources Administration (HRA) for Medicaid benefits to assist in paying for his nursing home care, pursuant to
 
 *51
 
 Social Services Law § 363, and petitioner’s own monthly income, HRA determined that petitioner, as a community spouse, was entitled to receive monthly support of only $306.71 from her institutionalized spouse. This amount would bring petitioner’s total monthly income to the statutorily provided "minimum monthly needs allowance” of Social Services Law § 366-c.
 

 A hearing was held on petitioner’s October 1992 petition filed in Family Court, at which a Hearing Examiner awarded support to petitioner in the amount of $3,339.26 against respondent Gustav on the basis of petitioner’s standard of living and life-style prior to her husband’s institutionalization. This amount included $2,274.86 per month for household expenses, $864.30 per month for personal expenses and $200 per month for an outstanding dental bill.
 
 [2]
 
 The Hearing Examiner’s determination was confirmed by the Family Court which indicated that the Family Court is not bound by the statutory medical eligibility levels and has discretion to grant support where it deems appropriate based on the circumstances before it. The Appellate Division affirmed the determination that the Family Court was not limited by the income guidelines under Social Services Law § 366-c, but that under Family Court Act § 412, standard of living and life-style were the appropriate tests.
 

 The minimum monthly needs standard establishes a level of support due to the spouse of an individual confined to a nursing home and receiving Medicaid. This standard is consistent with the MCCA. Although the statute provides an option to individuals seeking an increase in monthly support, such individuals are not entitled to an award of support greater in Family Court than that permitted by Social Services Law § 366-c under the fair hearing procedure. As we recently indicated, the intent of the MCCA was " 'to end th[e] pauperization [of the community spouse] by assuring that the community spouse has a sufficient — but not excessive — amount of income and resources available’ while the institutionalized spouse is in a nursing home at Medicaid expense”
 
 (Matter of Schachner v Perales, supra,
 
 at 323). Consistent with the Federal standards, Social Services Law § 366-c contemplates that an increase is available only to alleviate a true "financial
 
 *52
 
 hardship that is thrust upon the community spouse by circumstances over which he or she has no control”
 
 (id.,
 
 at 325). The only way in which petitioner could receive an amount other than the monthly minimum needs allowance is by a showing of exceptional circumstances. She made no such showing here.
 

 Moreover, Social Services Law § 58
 
 [3]
 
 does not restrict the Family Court’s powers in applying Social Services Law § 366-c, or limit Family Court’s jurisdiction in issuing support orders. The Family Court’s authority to order support under Family Court Act § 412 on behalf of a noninstitutionalized community spouse must be guided by the income standards of Social Services Law § 366-c. Family Court Act § 412 must be read in conjunction with Social Services Law § 366-c and the Family Court is required to apply the minimum monthly needs standard absent a showing of exceptional circumstances.
 

 Further, the power of the Family Court to award support is already circumscribed by Family Court Act § 412 which provides, first, that the paying spouse must be "possessed of sufficient means” to pay support and, second, that any award must be made with "due regard to the circumstances of the respective parties.” The fact that one spouse is institutionalized at the public expense is a factor to be considered. Thus linking the Family Court award to the spousal award available under Social Services Law § 366-c is required.
 

 Petitioner in her support petition initially requested maintenance of the Manhattan apartment as well as the house on Long Island. Although she later withdrew her request for maintenance of both the house and apartment and only requested maintenance for the house, petitioner essentially sought to maintain her prior life-style and have the public subsidize it. The express intent of the MCCA is "to mitigate a perceived societal wrong that is a by-product of the Medicaid scheme itself’
 
 (Schachner,
 
 85 NY2d, at 325). That intent, of righting a perceived wrong, would not be furthered by providing petitioner with the remedy she seeks here.
 

 
 *53
 
 Accordingly, the order of the Appellate Division should be reversed, without costs, and the matter remitted to Family Court for further proceedings in accordance with this opinion.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Levine and Ciparick concur.
 

 Order reversed, etc.
 

 [1]
 

 . The figure, as of January 1, 1995, was $1,871.
 

 [2]
 

 . There is apparently an error in computation. The Family Court’s order was for $3,339.26; however, the amounts included in the award totaled only $3,339.16.
 

 [3]
 

 . Social Services Law § 58 provides: "Nothing in this chapter shall be deemed to take away the jurisdiction or any power or duty of the family court”.