[656 NYS2d 697]

In the Matter of Toivo White, Respondent, v Myrl-Jane White, Appellant.

Third Department, April 24, 1997

## APPEARANCES OF COUNSEL

*Carl F. Becker,* Delhi, for appellant.

*Levene, Gouldin & Thompson,* Binghamton *(Kathryn Grant Madigan* of counsel), for respondent.

## OPINION OF THE COURT

MERCURE, J.

Petitioner and respondent are elderly people who have been married for over 45 years. Respondent, a Medicaid recipient, lives in a nursing home while petitioner continues to reside in the parties' marital residence. It is undisputed that respondent qualifies as an "institutionalized spouse" and petitioner as a "community spouse" (*see,* Social Services Law § 366-c [2] [a], [b]; 18 NYCRR 360-4.10 [a] [2], [7]) under the Medicare Catastrophic Coverage Act of 1988 (42 USC § 1396r-5, as amended by Pub L 100-360, 102 US Stat 754), which was enacted to end the "pauperization" of community spouses by providing an allowance, paid out of the institutionalized spouse's income, sufficient to bring the community spouse's income up to a predetermined minimum level (*see, Matter of Schachner v Perales,* 85 NY2d 316, 319-320). At the time of commencement of this proceeding, petitioner was already receiving sufficient support from respondent to satisfy the minimum monthly maintenance needs allowance established by the Commissioner of Social Services (*see,* Social Services Law § 366-c [2] [h]; 18 NYCRR 360-4.10 [a] [8]). Alleging "significant financial distress",[1] however, because he required the services of a home health-care aide, petitioner instituted this proceeding under

---

1. *"Significant financial distress* means exceptional expenses which the community spouse cannot be expected to meet from the monthly maintenance needs allowance or from amounts held in resources. Such expenses may be of a recurring nature or may represent major one time costs, and may include but are not limited to: recurring or extraordinary noncovered medical expenses; amounts to preserve, maintain or make major repairs on

Family Court Act article 4 for an order directing the Delaware County Department of Social Services (hereinafter DSS) to pay him the additional sum of $947 per month.[2] Following a hearing, a Hearing Examiner determined that petitioner had established the requisite "exceptional expenses" (18 NYCRR 360-4.10 [a] [10]) and made an award of additional spousal support of $820 per month. DSS now appeals Family Court's order denying DSS' objections to the Hearing Examiner's findings of fact and order.

There should be an affirmance. Initially, giving due deference to the Hearing Examiner's factual findings and his decision to credit the evidence presented on petitioner's behalf, we are not persuaded that there was insufficient evidence to support the finding that petitioner had a genuine need for the services of a home health-care aide and that the reasonable cost thereof constituted an exceptional expense within the intendment of 18 NYCRR 360-4.10 (a) (10). As such, we are not inclined to disturb the resulting conclusion of "significant financial distress" justifying an award of spousal support in excess of the monthly maintenance needs allowance (18 NYCRR 360-4.10 [a] [10]).

The evidence presented by petitioner, which was not contradicted by any evidentiary showing on DSS' part, establishes that petitioner is in his 70's and suffers from diabetes and spinal arthritis, with consequential neuropathy of his lower extremities. He is unable to get into bed or to the bathroom without a wheelchair and sideboard and walks with the assistance of a walker. During 1994, he was hospitalized for several months and then placed in a nursing home for an additional five months. When discharged, he hired a home health-care aide (a licensed practical nurse whom he pays $13 per hour) to assist him at home. The home health-care aide helps petitioner with nutritional and physical therapy, takes him to physician's appointments and travels with him when he visits his wife in the nursing home. Under the circumstances, we conclude that an increase was necessary to alleviate a true financial hardship that was thrust upon petitioner by circumstances over which he had no control (see, Matter of Gomprecht

the homestead; and amounts necessary to preserve an income-producing asset" (18 NYCRR 360-4.10 [a] [10]).

2. Under the statutory scheme, the institutional spouse's contribution to her own medical expenses is reduced by the amount of the community spouse allowance, and that reduction must be made up from public funds (see, Matter of Schachner v Perales, supra, at 320).

*v Gomprecht*, 86 NY2d 47, 51-52; *Matter of Schachner v Perales, supra,* at 325).

DSS' remaining contentions are also found to lack merit. The argument that Family Court erred in failing to give due regard to the circumstances of the parties, including their over-all means and ability to pay support, ignores the complex Federal and State statutory and regulatory scheme that has been developed to protect community spouses, to preserve their assets and to establish a minimum level of monthly income. Nor are we persuaded that 18 NYCRR 360-4.10 (a) (10) is properly construed as requiring a community spouse to pay exceptional expenses in excess of the minimum monthly maintenance needs allowance out of assets comprising his or her community spouse resource allowance. Such a construction clashes with the clear intent of 42 USC 1396r-5 (e) (2) (B) that the enhanced level of income be merely substituted for, and therefore funded in the same fashion as, the minimum monthly maintenance needs allowance. DSS' interpretation would also thwart the legislative purpose of "assur[ing] that the community spouse * * * has income and resources sufficient to live with independence and dignity" (HR Rep No. 100-105 [II], 100th Cong, 2d Sess, reprinted in 1988 US Code Cong & Admin News 857, 892). Consistent with that purpose, we read Social Services Law § 366-c (2) (d) (i) (B), which would permit petitioner to retain nonexempt resources of up to $74,820[3] without jeopardizing respondent's eligibility for Medicaid (*see, Matter of Gomprecht v Gomprecht, supra,* at 50), as excluding the same assets from consideration in establishing petitioner's monthly maintenance needs allowance, as enhanced by his established significant financial distress. Otherwise, the statutory provision for a "community spouse resource allowance" as a means of generating the community spouse's income to the minimum monthly maintenance needs allowance (*see,* Social Services Law § 366-c [2] [d]; [8] [b], [c]) would be meaningless.

Similarly, the fact that the current award represents 80.5% of respondent's monthly income does not provide a legal basis for a downward adjustment of petitioner's support and is in any event irrelevant in view of the fact that the additional support is being paid by DSS and not by respondent. Finally, although we agree that under the circumstances present here respondent is being used as a conduit for petitioner to receive

---

3. The record demonstrates that petitioner's resources were estimated at $66,000, exclusive of the marital residence and other exempt property.

public funds, it is the statutory scheme and not Family Court's order that should be the subject of DSS' ire.

CARDONA, P. J., CASEY, SPAIN and CARPINELLO, JJ., concur.

Ordered that the order is affirmed, with costs.