■ In the Matter of EVELYN SULLIVAN, Respondent, v ROBERT W. FRANK, Appellant. [658 NYS2d 996] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Orange County (Bivona, J.), dated December 11, 1995, which, *inter alia,* (1) granted the mother's objections to an order of the same court (Herold, H.E.), dated October 5, 1995, which, after a hearing, directed him to pay child support in the amount of $100 per week, and (2) directed him to pay child support in the amount of $221.10 per week. The appeal brings up for review so much of an order of the same court, dated February 14, 1996, as, in effect, upon reargument, adhered to the original determination *(see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated December 11, 1995, is dismissed, without costs or disbursements, as that order was superseded by the order dated February 14, 1996, made upon reargument; and it is further,

Ordered that the order dated February 14, 1996, is affirmed insofar as reviewed, without costs or disbursements.

The Family Court properly determined that the Hearing Examiner abused his discretion by choosing to deviate from the application of the CSSA percentage formula in fixing the father's support obligation. A rebuttable presumption exists that the amount of child support calculated under the statutory guidelines is correct *(see,* Family Ct Act § 413 [1] [a]; 42 USC § 667 [b]; *see also, Matter of Graby v Graby,* 87 NY2d 605, 610). The presumption may be rebutted, and the support obliga-

tion adjusted, upon the court's finding that the non-custodial parent's support obligation is "unjust or inappropriate" (Family Ct Act § 413 [1] [f]; 42 USC § 667; *see also, Matter of Cassano v Cassano,* 85 NY2d 649, 653). Considering the 10 factors set forth in Family Court Act § 413 (1) (f), we agree with the Family Court that the father's support obligation was not "unjust or inappropriate".

The Family Court properly granted the mother's application for arrears to the date of the filing of the petition, as mandated by Family Court Act § 449.

The father's remaining contentions are without merit. Miller, J. P., Ritter, Joy and Krausman, JJ., concur.