■ In the Matter of Jo A. YEAGER, Respondent, v ROBERT YEAGER, Appellant. [697 NYS2d 170] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Tolbert, J.), entered June 26, 1997, which, upon denying his objections to two orders of the same court (Mrsich, H.E.), both dated January 3, 1997, *inter alia,* denying his petition for downward modification, found him in willful violation of a prior order of support dated September 10, 1991, assessed child support arrears in the sum of $13,084, and directed him to pay $100 a week in child support.

Ordered that the order is modified, on the facts, by deleting the provisions thereof which denied the appellant's objections to those portions of the Hearing Examiner's orders which directed him to pay the sum of $100 per week in child support, and substituting therefor a provision directing the appellant to pay child support in the decreased sum of $33.33 per week, effective October 2, 1996; as so modified, the order is affirmed, without costs or disbursements, the orders dated January 3, 1997, are modified accordingly, and the matter is remitted to

the Family Court, Westchester County, to determine the amount of any credit due the appellant and to apply that credit to any arrears he still owes.

The appellant father established a change in circumstances sufficient to warrant a downward modification of child support (*see,* Family Ct Act § 461 [b] [ii]; *Dowd v Dowd,* 178 AD2d 330). Thus, as of October 2, 1996, the date of his petition, the support payments should be reduced to the extent indicated (*see, Matter of Dox v Tynon,* 90 NY2d 166, 173-174).

The father's remaining contentions are without merit. O'Brien, J. P., Santucci, Altman and Krausman, JJ., concur.