[747 NYS2d 50]

In the Matter of Alice Lanzi, Respondent, v Enzo Lanzi, Respondent, and New York City Department of Social Services, Appellant.

Second Department, September 9, 2002

**APPEARANCES OF COUNSEL**

*Michael A. Cardozo, Corporation Counsel,* New York City (*Larry A. Sonnenshein* and *Mordecai Newman* of counsel), for appellant.

*Johnson & Langworthy,* Staten Island (*Gary W. Johnson* of counsel), for Alice Lanzi, respondent.

**OPINION OF THE COURT**

GOLDSTEIN, J.

At issue here is whether a parent who is institutionalized, totally disabled, and a public charge must use his income to support his medical needs, or must use his income to support his children. We hold that in determining the obligation of an institutionalized parent to pay child support pursuant to the Child Support Standards Act (hereinafter the CSSA; Family Ct Act § 413; Domestic Relations Law § 240), the Family Court must consider both the requirements of the CSSA and Social Services Law § 366-c. When awarding child support, the Family Court is not limited to the "community spouse monthly income allowance" set forth in Social Services Law § 366-c (2) (g) and (h), nor the "family allowance" set forth in Social Services Law § 366-c (2) (i). However, the requirements of Social Services Law § 366-c may not be ignored.

The petitioner, Alice Lanzi, is the "community spouse" of an institutionalized husband who is a public charge. She and her husband have two children under the age of 21 years. The institutionalized spouse, Enzo Lanzi, has income from social security and pension benefits.

The petitioner sought an award of basic child support, educational expenses, and unreimbursed medical expenses for the children from her husband pursuant to Family Court Act § 413. The Family Court Hearing Examiner awarded her basic child support of $785 monthly, and required the husband to pay 77% of the children's educational expenses ($452 per month) and 77% of the children's medical expenses unreimbursed by insurance. The Hearing Examiner held that it need

not consider Social Services Law § 366-c in fashioning its award.

The New York City Department of Social Services (hereinafter DSS) filed objections to the Hearing Examiner's award, contending, inter alia, that the institutionalized spouse as a public charge had no child support obligation whatsoever. The Family Court denied the objections and DSS appeals.

On appeal, DSS contends that Family Court Act § 413 is "not applicable" to the children of a "community spouse." The petitioner on the other hand, contends that Social Services Law § 366-c is not applicable to an award of child support pursuant to Family Court Act § 413.

Social Services Law § 366-c (3) (b) sets forth a general rule that income in the name of the institutionalized spouse is considered available only to the institutionalized spouse. In determining the amount of that income to be applied to medical expenses, Social Services Law § 366-c (4) allows the deduction of a personal needs allowance for the institutionalized person, a community spouse monthly income allowance for the spouse of the institutionalized person still living in the community, and a family allowance for each dependent "family member" living with the community spouse. This allocation of income is mandated by federal law applicable to Medicaid (*see* 42 USC § 1396r-5 [d] [1]).

The "community spouse monthly income allowance" is the amount necessary to make up the difference, if any, between the community spouse's income from other sources and 150% of the federal poverty line for a family of two plus an excess shelter allowance, if applicable (*see* Social Services Law § 366-c [2] [g], [h]). DSS may authorize the release of additional funds from the institutionalized spouse's income to the community spouse, upon a showing of "exceptional circumstances."

The "exceptional circumstances" test set forth in Social Services Law § 366-c (8) (b) has no application to child support. Social Services Law § 366-c (8) (b) defines "exceptional circumstances" as the needs of the *community spouse* which result in "significant financial distress" (*see Matter of Schachner v Perales*, 85 NY2d 316, 323; 18 NYCRR 360-4.10 [a] [10]). Significant financial distress is defined as "exceptional expenses which the *community spouse* cannot be expected to meet" (emphasis supplied; 18 NYCRR 360-4.10 [a] [10]), while child support deals with the needs and expenses of the children.

The "family allowance" is allowed for each "family member," defined as "a dependent or minor child, a dependent parent, or

a dependent sibling of the institutionalized spouse or the community spouse, who resides with the community spouse" (Social Services Law § 366-c [2] [f]). The "family allowance" cannot be equated with the child support obligation which Family Court Act § 413 (1) (a) imposes upon *parents* of a child under the age of twenty-one years" (emphasis supplied), whether or not the child resides with the community spouse.

Family Court Act § 413 (1) (c) imposes a "basic child support obligation" upon a parent based upon numerical guidelines which set forth a specific percentage of income. As the Court of Appeals noted in *Matter of Dutchess County Dept. of Social Servs. v Day* (96 NY2d 149, 154), "[n]othing in the statute or its legislative history suggests that the Legislature intended that the CSSA guidelines were only to be applied to the customary types of child support cases." Uniformity and consistency of child support awards was a primary concern in enacting the CSSA (*see* 1989 NY Legis Ann, at 248-249).

Federal statute mandates a rebuttable presumption that "the amount of the award which would result from the application of such guidelines is the correct amount of child support to be awarded" (42 USC § 667 [b] [2]). The Family Court may deviate from the numerical guidelines based upon a finding that "the non-custodial parent's pro rata share of the basic child support obligation is unjust or inappropriate" based upon certain specific factors. Although a parent's own medical expenses is not one of the factors specified in Family Court Act § 413 (1) (f), there is a "catch-all" provision, authorizing the Family Court to consider "[a]ny other factors the court determines are relevant in each case" (Family Ct Act § 413 [1] [f] [10]).

*Matter of Rose v Moody* (83 NY2d 65, *cert denied* 511 US 1084) held that a statutory mandate requiring an indigent parent to pay $25 per month in child support was illegal under 42 USC § 667 (b) (2) on the ground that that requirement created an irrebuttable presumption for mandatory imposition of a child support obligation. In that case, the parent's income was from public assistance which is exempt from assignment, transfer, levy or execution (*see* Social Services Law § 137). In the instant case on the other hand, Enzo Lanzi has income from social security and pension benefits. Family Court Act § 413 (1) (b) (1) and (5) (iii) specifically provide that such benefits must be included in income when determining a parent's child support obligation. In any event, there is no statutory bar to imposing a child support obligation upon the

recipient of public assistance (*see Matter of Grant v Green,* 293 AD2d 540; *Aregano v Aregano,* 289 AD2d 1081).

In addition to the basic child support obligation, Family Court Act § 413 (1) (c) (5) imposes an obligation upon the noncustodial parent to pay a share of the medical expenses of the child not covered by insurance "in the same proportion" as his or her "income is to the combined parental income." Further, Family Court Act § 413 (1) (c) (7) states that educational expenses "may" be awarded "[w]here the court determines" such an award is appropriate "having regard for the circumstances of the case and of the respective parties and in the best interests of the child, and as justice requires."

The Social Services Law does not limit the jurisdiction of the Family Court to issue support orders pursuant to Family Court Act article 4. Indeed, Social Services Law § 58 provides that "[n]othing in this chapter shall be deemed to take away * * * any power or duty of the family court." However, the Court of Appeals has held that in exercising those powers, the Family Court must consider the provisions of Social Services Law § 366-c (*see Matter of Gomprecht v Gomprecht,* 86 NY2d 47, 52). This is consistent with a general rule of statutory construction that "[s]tatutes which relate to the same subject matter must be construed together unless a contrary legislative intent is expressed" (*Matter of Dutchess County Dept. of Social Servs. v Day, supra* at 153).

At issue in *Matter of Gomprecht v Gomprecht (supra)* was the right of a "community spouse" to spousal support pursuant to Family Court Act § 412. Family Court Act § 412 states that a spouse "may" be required to pay spousal support, "if possessed of sufficient means or able to earn such means." The Court of Appeals held that in awarding spousal support, the Family Court was "required to apply the minimum monthly needs standard absent a showing of exceptional circumstances" (*Matter of Gomprecht v Gomprecht, supra* at 52).

Family Court Act § 413 (1) (a), when defining a parent's obligation to pay child support, also states that that obligation arises "if" the obligor is "possessed of sufficient means or able to earn such means." However, while Family Court Act § 412 contains the precatory language "may," Family Court Act § 413 contains the mandatory language "shall." Further, Social Services Law § 366-c contains language specifically applicable to a "community spouse," but no language specifically applicable to children of the institutionalized spouse under the age of 21 years.

Enzo Lanzi possesses the means to satisfy some but not all of his obligations. The dilemma here is how to reconcile those conflicting obligations.

In *Matter of Schachner v Perales* (85 NY2d 316, 324 n 3), the Court of Appeals noted that there was an "anomaly in the statutory scheme under which a community spouse may ultimately obtain a higher allowance than that specified in the statute by obtaining a Family Court support order." This anomaly was attributed to the limited purpose of Social Services Law § 366-c: "to alleviate true financial hardship that is thrust upon the community spouse" (*Matter v Schachner v Perales, supra* at 325).

Social Services Law § 366-c "follows the federal [statutory] language very closely" in order to avoid the loss of federal financial participation in the cost of medical care provided to a person eligible for medical assistance under State law (1989 NY Legis Ann, at 242). In contrast, Family Court Act § 413 is founded upon "the parental obligation to provide for a child and for a child's education" (*Matter of Schachner v Perales, supra* at 324-325). In enacting the CSSA, the Legislature sought to insure equity and consistency in child support awards, as well as to ensure compliance with federal law (*see* 1989 NY Legis Ann, at 248).

In *Matter of Cuthbert S. v Linda S.* (161 Misc 2d 372), the Family Court awarded basic child support from the income of an institutionalized spouse in accordance with the numerical guidelines. However, the Family Court limited the award for educational expenses for private high school, allowing expenses for the older child to complete private high school, but holding that private high school education was inappropriate for the younger child, in light of the competing state interest in controlling Medicaid costs. In that case, the court considered both statutory provisions and weighed competing considerations in an effort to fashion an appropriate award of child support.

Similarly, in the instant case, the Family Court must consider the requirements of Family Court Act § 413 in conjunction with Social Services Law § 366-c and weigh competing state interests and all relevant factors.

In view of the foregoing, the matter is remitted to the Family Court for a new determination of child support based upon a consideration of all relevant factors, including Social Services Law § 366-c and the best interests of the children. To insure that all relevant factors are considered, the new determination should be based upon written findings.

Accordingly, the order dated May 2, 2001, is reversed, on the law, without costs or disbursements, the appellant's objections to the award of the Hearing Examiner are sustained, the order of the Hearing Examiner dated January 4, 2001, is vacated, and the matter is remitted to the Family Court, Richmond County, for a new determination of child support supported by written findings, in accordance herewith.

RITTER, J.P., ALTMAN and SMITH, JJ., concur.

Ordered that the order dated May 2, 2001, is reversed, on the law, without costs or disbursements, the appellant's objections to the award of the Hearing Examiner are sustained, the order of the Hearing Examiner dated January 4, 2001, is vacated, and the matter is remitted to the Family Court, Richmond County, for a new determination of child support supported by written findings, in accordance herewith.