■ In the Matter of ELLEN MACAULEY, Respondent, v WAYNE DUFFY, Appellant. [747 NYS2d 246]

By the operation of the parties' judgment of divorce the children became emancipated upon obtaining full-time employment at the age of 18. The parties' son became emancipated upon obtaining full-time employment in 1997. Therefore, no support arrears have accrued with respect to the parties' son since the father's obligation to pay child support ended, as a matter of law, upon the son's emancipation. Accordingly, since the relief sought by the mother in her petition involved periods subsequent to 1997, she is not entitled to child support or arrears as to the parties' son, and the arrears and the money judgment entered with respect thereto should be adjusted to reflect that the father owes nothing for any time period after the son's emancipation (*see Matter of Dox v Tynon,* 90 NY2d 166; Domestic Relations Law § 244). The amount of unsecured child support arrears from June 23, 1998, to October 1, 1999, should thus be reduced from $6,200 to $3,100.

The order of support with respect to the parties' daughter terminated upon her emancipation as of June 1, 2000. Moreover, contrary to the mother's contention, the father established an adequate basis for a downward modification of his child support obligation prior to June 1, 2000, with regard to the parties' daughter as a result of his serious medical condition (*see Matter of Yeager v Yeager,* 266 AD2d 223; *cf. Matter of King v King,* 193 AD2d 800). However, because the father failed to move for a downward modification or termination of support with respect to the parties' daughter before arrears began to accrue, he is obligated to pay arrears until the date of his petition, April 10, 2000 (*see Matter of Dox v Tynon, supra*). Accordingly, the father's support obligation regarding his daughter is reduced to $10 per week commencing from April 10, 2000, until June 1, 2000. Therefore, the father owes child support arrears to the mother for that period in the amount of $10 per week. Smith, J.P., O'Brien, H. Miller and Cozier, JJ., concur.