■ In the Matter of VELIA TORRES CRESPO, Appellant, v JOHN S. CRESPO, Respondent. [786 NYS2d 19]—

Order, Family Court, Bronx County (Tandra L. Dawson, J.), entered on or about October 23, 2003, which vacated a magistrate's order of support and dismissed the petition, unanimously affirmed, without costs.

In granting the objection of the New York City Human Resources Administration to the underlying order of support, the motion court properly determined that pursuant to the clear holdings of the Court of Appeals, petitioner's expenses as the "community spouse" may not be categorized as exceptional to those permitted under Social Services Law § 366-c, such as to entitle her to increased community spousal support from her institutionalized husband under the Medicare Catastrophic Coverage Act (42 USC § 1396r-5). The intent behind this legislative scheme is to ensure that the community spouse has sufficient—but not excessive—income and resources while the institutionalized (primary income-producing) spouse is in a nursing home at Medicaid expense (*Matter of Schachner v Perales*, 85 NY2d 316, 323 [1995]). Maintenance of prior lifestyle at public expense is not the intent of the Medicare Catastrophic Coverage Act (*Matter of Gomprecht v Gomprecht*, 86 NY2d 47, 52 [1995]). Concur—Sullivan, J.P., Ellerin, Lerner, Marlow and Catterson, JJ.