■ In the Matter of BARBARA BARROW, Respondent, v MICHAEL L. KIRKSEY, Appellant. [790 NYS2d 278]—

Mugglin, J. Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered December 16, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in violation of a prior order of support.

Petitioner and respondent are the parents of two children. After they separated, in May 2002, respondent was ordered to pay $650 per month in child support. Respondent has made no such payments since November 2002 and, from shortly thereafter until July 2003, when he returned to Tompkins County, respondent resided in North Carolina. In September 2003, petitioner commenced this proceeding to hold respondent in violation of the support order and respondent contemporaneously moved for a downward modification of his support obligation. The support violation hearing* was held in October 2003 and culminated in, among other things, a finding by the Support Magistrate that respondent willfully failed to pay $23,103.32 in child support and judgment was entered in that amount. Respondent, pro se, sent a letter to Family Court which set forth only a generalized objection to the judgment. Family Court affirmed the order of the Support Magistrate and respondent appeals.

As an initial matter, where it has been established that a person is in arrears for child support payments, Family Ct Act § 460 (1) mandates that the court enter a money judgment against that person for that amount (see generally Matter of Dox v Tynon, 90 NY2d 166, 168 [1997]). While respondent is entitled to show good cause as to why child support payments cannot be made, such a showing must be made prior to the accrual of arrearages (see Family Ct Act § 460 [1]). Furthermore, even if it is ultimately determined that respondent is entitled to a downward modification, "because [respondent] failed to move for a downward modification or termination of support with respect to the parties' [children] before arrears began to accrue, he is obligated to pay arrears until the date of his petition" (Matter of Macauley v Duffy, 297 AD2d 680, 681 [2002]; see Matter of Aiken v Aiken, 115 AD2d 919, 920 [1985]).

To the extent that respondent attempts to argue that the original child support order was not set pursuant to the Child Support Standards Act (see Family Ct Act § 413), we note first

_____

* The downward modification hearing was scheduled to be held in January 2004, but is not a part of this appeal.

that no evidence is contained in the record as to how the original amount was calculated and, therefore, no determination can be made based on facts in the record (*see Ughetta v Barile*, 210 AD2d 562, 564 [1994], *lv denied* 85 NY2d 805 [1995]; *Matter of D.B.S. Realty v New York State Dept. of Envtl. Conservation*, 201 AD2d 168, 173 [1994]). Second, as no notice of appeal was filed from the original order fixing child support, the issue is not properly before this Court (*see Matter of Houck v Garraway*, 293 AD2d 782, 783 n 2 [2002]; *Roufaiel v Ithaca Coll.*, 280 AD2d 812, 814 [2001]).

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.