In the Matter of LUIS F. MARTINEZ, Appellant, v LESLEY TORRES, Respondent. [810 NYS2d 223]—

In a proceeding to modify an order of support, the father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Grosvenor, J.), dated November 17, 2004, as denied his objection to so much of an order of the same court (Shamahs, S.M.), dated June 29, 2004, as, after a hearing, denied that branch of his petition which was to reduce the amount of the arrears which accrued prior to the filing of the petition.

Ordered that the order dated November 17, 2004 is affirmed insofar as appealed from, without costs or disbursements.

The father was the noncustodial parent of two children. By order of the Family Court dated July 20, 1995 the father was directed to pay the mother the sum of $79.37 per week for child support.

On November 21, 2003 the father filed a petition to modify the order of support alleging that he was indigent. He argued that the unpaid arrears in the sum of $27,864.18 should be reduced pursuant to Family Court Act § 413 (1) (g) to the sum of $500, and that his child support obligation should be reduced to $0. By order dated February 9, 2004 the Support Magistrate determined that the father's income was below the poverty line,

reduced his child support obligation to the sum of $25 per month, and set the arrears at $28,269.97. On June 7, 2004 a hearing was held with respect to the father's request to reduce the arrears to $500. By order dated June 29, 2004 the Family Court denied the father's request to reduce the arrears. Subsequently, the father filed an objection, and the Family Court granted his objection only to the extent of reducing the amount of the arrears which accrued from November 21, 2003, the date of filing the petition, to $500. The Family Court determined that arrears accrued prior to that date remained outstanding. The father appeals.

The father's contention on appeal that arrears should have been reduced to $0 is waived because he only requested that arrears be reduced to the sum of $500 (*see Matter of Stone v Stone,* 236 AD2d 615 [1997]). In any event, the Family Court's decision was proper. Family Court Act § 413 (1) (g) provides that unpaid child support arrears shall not accrue in excess of $500 where the income of the noncustodial parent is less than or equal to the poverty line. In this case, where the noncustodial father's income was below the poverty line, the father was entitled to a reduction of the amount of arrears to $500 but, as the Family Court properly determined, only with respect to those arrears which accrued from November 21, 2003, the date of filing the petition (*see* Family Ct Act § 451).

The father's remaining contentions are either not properly before this Court or without merit. Crane, J.P., Krausman, Rivera and Dillon, JJ., concur.