■ MARK W. BELLINGER, Appellant-Respondent, v SHEILA J. BELLINGER, Respondent-Appellant. [847 NYS2d 783]—

Mugglin, J. (1) Cross appeals from a judgment of the Supreme Court (Teresi, J.), entered October 3, 2006 in Albany County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court, and (2) appeal from an order of said court, entered February 6, 2007 in Albany County, which partially granted defendant's motion for an award of counsel fees.

In this matrimonial action, most of the marital issues were resolved by stipulation between the parties. Several months after the stipulation was placed on the record, plaintiff made an application for a default judgment of divorce. In response, de-

---

fendant cross-moved seeking, among other things, to set aside the stipulation. By decision and order dated November 15, 2005, Supreme Court (McNamara, J.) partially granted defendant's cross motion and set aside the child support provisions because the stipulation did not indicate whether the amount of child support was presumptively correct or whether it represented a deviation from the Child Support Standards Act (see Domestic Relations Law § 240 [1-b]). Following trial, Supreme Court (Teresi, J.) granted a judgment of divorce which, among other things, awarded child support in an amount in excess of that contained in the prior stipulation, ordered plaintiff to pay defendant $2,475 in previously owed car insurance and determined that defendant was entitled to submit an application for counsel fees. Both parties appeal from the judgment of divorce and plaintiff also appeals from Supreme Court's order awarding defendant counsel fees in the amount of $15,874.47.

First, with respect to the issue of child support, plaintiff argues that Supreme Court erred in vacating the child support stipulation, improperly calculated his income in two respects, miscalculated his deductions in two respects and abused its discretion in applying the child support percentages to all of the parties' income in excess of $80,000. Our analysis begins by observing that no appeal was taken from the order vacating that portion of the stipulation that dealt with child support and so this issue is not properly before us (see Matter of Barrow v Kirksey, 15 AD3d 801, 802 [2005], lv denied 5 NY3d 701 [2005]; Hendricks v Hendricks, 13 AD3d 928, 931 [2004]). In any event, Supreme Court correctly determined that the stipulation failed to comply with nonwaivable requirements of the CSSA (see Domestic Relations Law § 240 [1-b] [h]; Fessenden v Fessenden, 307 AD2d 444, 445 [2003]).

Next, with respect to the calculation of his income, plaintiff claims that Supreme Court improperly included before-tax health insurance deductions and a "one-time payment" from his employer in the amount of $15,496.56 as income. Supreme Court correctly found that the before-tax health insurance deductions in the sum of $1,895.05 were a fringe benefit provided as part of plaintiff's compensation for employment and includable in the calculation of his income for child support purposes (see Domestic Relations Law § 240 [1-b] [b] [5] [iv] [C]; see also Skinner v Skinner, 241 AD2d 544, 545 [1997]).

Likewise, we find no error in the inclusion of the sum of $15,496.56 in plaintiff's income. Contrary to his claim that this was a one-time nonrecurring payment, the record reveals that he received a similar cash payment in 2003. Moreover, the rec-

ord reflects that his income has consistently increased for three consecutive years. Under these circumstances, even assuming the one-time nature of this payment, Supreme Court permissively exercised its broad discretion to impute that sum as income to plaintiff (see Domestic Relations Law § 240 [1-b] [b] [5] [iv]; see e.g. Matter of Mitchell v Mitchell, 264 AD2d 535, 538 [1999], lv denied 94 NY2d 754 [1999]).

Next, plaintiff's claim that his income was overstated by reason of the miscalculation of deductions is addressed to maintenance paid and Social Security and FICA payments. With respect to maintenance, plaintiff correctly points out that his annual maintenance payment will be $9,804, but that Supreme Court gave him credit only for the amount actually paid in 2005 ($7,353). As the statute authorizes a deduction for "alimony or maintenance actually paid or to be paid to a spouse that is a party to the instant action" (Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]), we find no error in Supreme Court utilizing the figure actually paid. With respect to plaintiff's argument that he received improper credit for FICA contributions, we agree that Supreme Court committed a minor error in only deducting $5,580 for Social Security and not including $1,648.98 for Medicare. Before recalculating the child support obligation, however, we address and specifically reject plaintiff's contention that Supreme Court abused its discretion by incorporating all of the parties' income in excess of $80,000. Although the court did not adequately set forth its reasons for applying the statutory formula to the combined income in excess of $80,000 (see e.g. Matter of Gluckman v Qua, 253 AD2d 267, 270 [1999], lv denied 93 NY2d 814 [1999]), the record does reflect that the overall analysis conducted by Supreme Court was thorough and careful as it concerned the parties' financial circumstances, such that including the parties' income exceeding $80,000 in the computation of child support does not constitute an abuse of discretion (see Smith v Smith, 1 AD3d 870, 872 [2003]; Matter of Baker v Baker, 291 AD2d 751, 753 [2002]).

Insofar as the calculation is concerned, after plaintiff receives credit for the Medicare portion of his FICA deduction, his income for child support purposes is $97,549. When added to defendant's income of $21,298.39, the combined parental income is $118,847.39. As the parties have two children, application of 25% to this income yields an annual child support obligation of $29,711.85 or $571.38 per week. Plaintiff is responsible for 82% of this total or $468.53.

Next, insofar as the car insurance issue is concerned, there is no merit to plaintiff's argument that he is not required to pay

this because the stipulation wherein he agreed to pay this expense was vacated. The only portion of the stipulation vacated concerned child support, and as plaintiff admitted during trial that he had never paid the car insurance, Supreme Court did not err in directing him to do so.

Finally, with respect to counsel fees, the doctrine of collateral estoppel does not bar defendant from recovering counsel fees. Neither order referenced by plaintiff makes any determination with respect to counsel fees, rendering this argument meritless. Moreover, as Supreme Court is vested with considerable discretion in considering counsel fee applications (*see Webber v Webber*, 30 AD3d 723, 724 [2006]) and, in the exercise of that discretion, considers various factors, including " 'the respective income of the parties, the nature and extent of the services rendered, the complexity of the issues involved and the result achieved' " (*Matter of Yarinsky v Yarinsky*, 36 AD3d 1135, 1140-1141 [2007], quoting *Matter of Van Horn v Dahoda*, 272 AD2d 791, 792 [2000]), we find no abuse of Supreme Court's discretion in awarding counsel fees to defendant in the amount of $15,874.45.

Crew III, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reducing plaintiff's weekly child support obligation to $468.53, and, as so modified, affirmed. Ordered that the order is affirmed, without costs.