■ In the Matter of DELMAR MOORE, Appellant, v CHARITY ABBAN, Respondent. [899 NYS2d 362]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Duffy, J.), entered October 31, 2008, as denied his objections to an order of the same court (Hochberg, S.M.), dated February 13, 2008, which, after a hearing, inter alia, granted the mother's petition for a modification of her child support obligation, vacated a prior order of child support nunc pro tunc to September 9, 2005, vacated the mother's child support arrears, and directed the Support Collection Unit to stop charging or collecting child support against the mother.

Ordered that the order dated October 31, 2008, is reversed insofar as appealed from, on the law, without costs or disbursements, the father's objections to the order dated February 13, 2008, are granted, the order dated February 13, 2008, is vacated, and the matter is remitted to the Family Court, Westchester County, for a new determination on the mother's petition in accordance herewith.

The Child Support Standards Act (hereinafter CSSA) (Family Ct Act § 413; Domestic Relations Law § 240) imposes a "basic child support obligation" upon a parent based upon numerical guidelines (*see* Family Ct Act § 413 [1] [c]; *Matter of Lanzi v Lanzi*, 298 AD2d 53, 56 [2002]), and a rebuttable presumption exists that the amount of child support calculated under the statutory guidelines is correct (*see Matter of Simmons v Williams*, 255 AD2d 446 [1998]; *Matter of Sullivan v Frank*, 239 AD2d 591 [1997]). However, this presumption may be rebutted, and the support obligation adjusted, if the court finds that the noncustodial parent's support obligation is "unjust or inappropriate" based upon its consideration of statutory factors set forth in Family Court Act § 413 (1) (f) (*see Matter of Simmons v Williams*, 255 AD2d at 446; *Matter of Sullivan v Frank*, 239 AD2d at 591). Such factors include, inter alia, the financial resources of each parent (Family Ct Act § 413 [1] [f] [1]), the relative gross income of each parent (Family Ct Act § 413 [1] [f] [7]), and "[a]ny other factors the court determines are relevant in each case" (Family Ct Act § 413 [1] [f] [10]; *see* Domestic Relations Law § 240 [1-b] [f] [1], [7], [10] [setting forth the same factors]). Where, after considering the statutory factors, "the court finds that the non-custodial parent's pro rata share of the basic child support obligation is unjust or inappropriate, the

court shall order the non-custodial parent to pay such amount of child support as the court finds just and appropriate" and shall set forth its reasons therefor in a written order (Family Ct Act § 413 [1] [g]; *see* Domestic Relations Law § 240 [1-b] [g]; *Matter of Dora T.J. v Jean-Paul A.S.*, 224 AD2d 420, 421 [1996]).

Although such an order may reduce a party's child support obligation from that calculated by application of the CSSA statutory guidelines, "[i]n no instance shall the court order child support below twenty-five dollars per month" (Family Ct Act § 413 [1] [g]; *see* Domestic Relations Law § 240 [1-b] [g]). In addition, a noncustodial parent's child support obligation resulting from the application of the statutory guidelines may be reduced where that obligation would place that parent below the self-support reserve level (*see* Family Ct Act § 413 [1] [b] [6]; Domestic Relations Law § 240 [1-b] [b] [6]; *Harrison v Harrison*, 255 AD2d 490, 491 [1998]; *Matter of Keay v Menda*, 210 AD2d 483, 483-484 [1994]). Under such circumstances, the support obligation to be imposed is the greater of $25 per month or the difference between the noncustodial parent's income and the self-support reserve (*see* Family Ct Act § 413 [1] [d]; Domestic Relations Law § 240 [1-b] [d]).

Here, in vacating the prior support order, thereby relieving the mother of any obligation to pay child support, the Support Magistrate violated the CSSA's requirement that she be required to pay child support of at least $25 per month (*see* Family Ct Act § 413 [1] [d], [g]). Accordingly, the matter must be remitted to the Family Court, Westchester County, for a de novo determination of the mother's child support obligation in accordance with the CSSA. Upon remittal, the mother's contentions concerning her inability to work, the father's dissipation of marital assets, and the cost of counseling incurred by the mother as a result of the father's physical and emotional abuse should be considered by the Family Court in making this determination (*see* Family Ct Act § 413 [1] [f]).

In addition, the Support Magistrate improperly vacated the mother's child support arrears. The Support Magistrate concluded, in essence, that because it was unjust and inappropriate to impose any child support obligation upon the mother (*see* Family Ct Act § 413 [1] [g]), she was entitled to have her support obligation terminated nunc pro tunc to the date of the original support order and to have her arrears vacated accordingly. However, the Family Court could not reduce or vacate the arrears which accrued prior to the date of the mother's petition, regardless of whether the mother had good cause for having failed to seek modification of the child support order prior to

their accumulation (*see* Family Ct Act § 451; *Matter of Dox v Tynon*, 90 NY2d 166, 173-174 [1997]; *Matter of Wrighton v Wrighton*, 23 AD3d 669, 670 [2005]; *Matter of Jenkins v McKinney*, 21 AD3d 558 [2005]; *Matter of Barrow v Kirksey*, 15 AD3d 801 [2005]). Since the mother failed to petition for a modification of support before arrears began to accrue, she is obligated to pay arrears until the date of her petition (*see Matter of Macauley v Duffy*, 297 AD2d 680, 681 [2002]). With regard to the child support arrears which accrued after the date of the mother's petition, upon remittal, the Family Court must recalculate those arrears in light of its de novo determination as to the mother's child support obligation under the CSSA (*see Matter of Kramer v Kramer*, 57 AD2d 568, 568-569 [1977]). Fisher, J.P., Florio, Belen and Austin, JJ., concur.