■ In the Matter of CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of SHELBY VANLOAN, Appellant, v GORDON J. VANLOAN, III, Respondent. [909 NYS2d 200]—

Egan Jr., J. Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered November 9, 2009,

which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in violation of a prior order of support.

Respondent is the father of a child who has frequently found herself in the custody of the Cortland County Commissioner of Social Services. In January 2008, petitioner commenced a proceeding pursuant to Family Ct Act article 4 seeking to establish respondent's support obligation for the subject child. Respondent defaulted in that proceeding and, by order entered in March 2008, the Support Magistrate found respondent's adjusted income to be $13,734, and ordered that respondent pay $50 per month for the periods the child was in petitioner's care. In 2009, petitioner commenced this proceeding, alleging that respondent had violated the 2008 order. As respondent admitted that he had not made any payments under the 2008 order, the Support Magistrate found that he had violated that order, albeit not willfully, and directed that judgment be entered against him for $1,850, the full amount of arrears. Respondent filed an objection with Family Court arguing that, based on the amount of his income, the amount of arrearages that could accrue against him could not exceed $500 (see Family Ct Act § 413 [1] [g]). Family Court agreed and directed that a corrected judgment be entered against respondent in the amount of $500. Petitioner now appeals.

Family Ct Act § 413 (1) (g) provides that, "[w]here the non-custodial parent's income is less than or equal to the poverty income guidelines amount for a single person as reported by the federal department of health and human services, unpaid child support arrears in excess of five hundred dollars shall not accrue." Here, respondent was found by the Support Magistrate to have an adjusted income of $13,734, which was in excess of the poverty income guidelines for a single person as promulgated by the Department of Health and Human Services. Respondent has admitted to never making a payment of child support pursuant to the original order and conceded the current arrearage figure of $1,850 was correct. If respondent wished to contest the amount of income originally attributed to him, and thus invoke the cap on arrears provided by Family Ct Act § 413 (1) (g), his remedy was to make an application to "modify, set aside or vacate" the earlier order (Family Ct Act § 451; see Matter of Moore v Abban, 72 AD3d 970, 972-973 [2010]; Matter of Cook v Miller, 4 AD3d 745, 746 [2004]). Here, section 413 (1) (g) will not limit the accrual of arrears during the relevant period absent respondent's affirmative request for and successfully obtaining relief from the original order (see Family Ct Act § 451; Matter of

*Mandelowitz v Bodden*, 68 AD3d 871, 875-876 [2009], *lv denied* 14 NY3d 710 [2010]; *Matter of Martinez v Torres*, 26 AD3d 496, 497 [2006]; *Matter of Commissioner of Social Servs. of Rensselaer County [Faresta] v Faresta*, 11 AD3d 750, 752-753 [2004]).

Cardona, P.J., Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as limited the accrual of arrears to $500, and, as so modified, affirmed.