In the Matter of MADISON COUNTY COMMISSIONER OF SOCIAL SERVICES, on Behalf of MARY CHAFEE, Respondent, v MICHAEL J. FELKER, Appellant. [915 NYS2d 729]—

Cardona, P.J. Appeal from an order of the Family Court of Madison County (DiStefano, J.), entered March 19, 2010, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.

Respondent is the father of a son born in 2002. Pursuant to a May 2007 order, he is obligated to pay the child's mother, Mary Chafee, $25 per week in child support. In that order, it was noted that respondent, though unemployed at that time, had held full-time employment in the past and was "healthy and capable of working." It is undisputed that, since entry of that order, respondent has never paid support as required therein. In December 2008, petitioner commenced this violation proceeding on behalf of Chafee. Following a hearing, a Support Magistrate found respondent in willful violation of the support order and recommended a sentence of incarceration be imposed if, among other things, he did not begin to make regular payments in accordance with the May 2007 order. The Support Magistrate also entered a money judgment directing payment of $3,325 in arrears. Thereafter, following a confirmation hearing held in accordance with Family Ct Act § 439 (a), Family Court confirmed the finding that respondent had willfully failed to obey the support order and ordered that respondent be incarcerated for 180 days unless he purged himself of the contempt by payment of the arrears—which then totaled $3,650—in their entirety. This appeal ensued.

Respondent challenges Family Court's determination that he willfully violated the prior order of support. Initially, the undisputed proof of respondent's failure to pay support since

entry of the May 2007 order constituted prima facie evidence of a willful violation (*see* Family Ct Act § 454 [3] [a]). The burden then shifted to respondent "to come forward with competent, credible evidence of his inability to do so" (*Matter of Holbert v Rifanburg,* 39 AD3d 902, 903 [2007]; *see Matter of Powers v Powers,* 86 NY2d 63, 69 [1995]). While respondent testified that he is indigent and has earned no income since the issuance of the May 2007 order due to his inability to obtain work, he did not provide any competent evidence of either a physical or mental condition prohibiting him from earning income (*see Matter of Vickery v Vickery,* 63 AD3d 1220, 1221 [2009]; *Matter of Columbia County Support Collection Unit v Demers,* 29 AD3d 1092, 1093 [2006], *lv denied* 7 NY3d 708 [2006]). Although respondent also claimed that he had unsuccessfully applied for numerous jobs since entry of the May 2007 order, he failed to provide documentation of his alleged job search and his testimony was not credited. Respondent also admitted that, although he was ordered to attend the career center and the Worker Parents Initiative, he failed to follow-up with attendance after his initial meeting. Given this proof and according due deference to the credibility determinations of Family Court and the Support Magistrate (*see Matter of Holbert v Rifanburg,* 39 AD3d at 903), we find no basis to disturb Family Court's confirmation of the finding of respondent's willful violation of the order of support.

Next, respondent contends that Family Court erred in failing to cap his arrears at $500 pursuant to Family Ct Act § 413 (1) (g) because his income was below the federal poverty guidelines. However, while respondent testified that he continues to be unemployed and is attempting to apply for public assistance, if he wished to "invoke the cap on arrears provided by Family Ct Act § 413 (1) (g), his remedy was to make an application to 'modify, set aside or vacate' the earlier order" (*Matter of Cortland County Dept. of Social Servs. v VanLoan,* 77 AD3d 1135, 1136 [2010], quoting Family Ct Act § 451; *see Matter of Moore v Abban,* 72 AD3d 970, 972-973 [2010]; *Matter of Cook v Miller,* 4 AD3d 745, 746 [2004]). Significantly, respondent admitted that he has never sought a modification of the May 2007 order of support. Thus, inasmuch as Family Ct Act § 413 (1) (g) "will not limit the accrual of arrears during the relevant period absent respondent's affirmative request for and successfully obtaining relief from the original order" (*Matter of Cortland County Dept. of Social Servs. v VanLoan,* 77 AD3d at 1136; *see* Family Ct Act § 451; *see also Matter of Moore v Abban,* 72 AD3d at 973; *Matter of Martinez v Torres,* 26 AD3d 496, 497 [2006]), we conclude that the court did not err in confirming the Support Magistrate's determination.

The remaining arguments advanced by respondent, including his assertion that he was denied a sufficient opportunity to present proof of his inability to pay support, have been examined and found to be lacking in merit.

Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.