■ In the Matter of MARY P., Respondent, v JOSEPH T.P., Appellant. [17 NYS3d 115]—

Order, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about March 10, 2014, which denied respondent's objections to the order entered on or about January 7, 2014 (S.M. Paul Ryneski), denying his motion to vacate a modified support order, entered on or about June 1, 2004, as to arrears, and a January 2002 money judgment for arrears, and dismissed his petition, unanimously affirmed, without costs.

Family Court properly denied respondent's objections to the support magistrate's determination that there was no basis for vacatur of his child support arrears.

A child born during marriage is presumed to be the legitimate child of the marriage (*see* Domestic Relations Law § 24; Family Ct Act § 417; *Matter of Findlay*, 253 NY 1, 7 [1930]). Respondent acknowledged that he knew in December 1985, immediately after the child's birth, that he was not the child's biological father. However, he took no affirmative steps to rebut the presumption of legitimacy at any time prior to April 2006, when, relying on the divorce court's finding that there were no children of the marriage, he sought to vacate the support order as to arrears and the money judgment for arrears. The law is well settled that child support arrears cannot be modified retroactively (*see Matter of Dox v Tynon*, 90 NY2d 166, 173-174 [1997]). "Under Family Court Act § 451, the court has no discre-

tion to cancel, reduce or otherwise modify child support arrears accrued prior to the making of an application for such relief" (*Matter of Zaid S. v Yolanda N.A.A.*, 24 AD3d 118 [1st Dept 2005]). Concur—Tom, J.P., Acosta, Moskowitz and Richter, JJ.