■ In the Matter of CHARLOTTE E., Appellant, v ALAN P., Respondent. [43 NYS3d 26]—

Order, Family Court, New York County (Jane Pearl, J.), entered on or about July 14, 2016, which denied petitioner's objections to the Support Magistrate's order on motion, dated June 3, 2016, denying her motion to vacate a prior order of the Support Magistrate dismissing the petition, without prejudice, for failure to appear, unanimously reversed, on the facts, without costs, the motion to vacate granted, and the matter remanded for prompt resolution.

Petitioner demonstrated a reasonable excuse and a meritorious cause of action warranting vacatur of the dismissal of the petition due to nonappearance (CPLR 5015 [a] [1]; *see Matter*

*of Commissioner of Social Servs. of the City of N.Y. v Juan H.M.*, 128 AD3d 501 [1st Dept 2015]; *see also Matter of Patricia J. v Lionel S.*, 203 AD2d 979 [4th Dept 1994]). Petitioner explained that she learned on the day before the scheduled appearance date that the caregiver she had hired to stay with the parties' severely disabled child on that date was no longer available. Accordingly, she contacted the part clerk's office, via telephone and fax, explaining that she was unable to appear the next day and requesting an adjournment. While she was unable, due to computer failure, to present a copy of her letter to the court, petitioner submitted a printout of her home telephone service carrier's call log, which reflected the calls she placed to the court on the day before the scheduled appearance date.

Petitioner demonstrated the existence of a meritorious cause of action for child support enforcement by submitting an affidavit showing that respondent's child support arrears at that time exceeded $100,000 (*see e.g. Matter of Dellagatta v McGillicuddy*, 31 AD3d 549 [2d Dept 2006]). Moreover, we find, contrary to Family Court, that petitioner will be prejudiced by having to refile the petition, which seeks arrears that would then be beyond the applicable statute of limitations (*see Matter of Mary P. v Joseph T.P.*, 132 AD3d 404 [1st Dept 2015]; *see also Tauber v Lebow*, 65 NY2d 596 [1985]). Furthermore, the child will be prejudiced by further protracted proceedings (*see e.g. Matter of Sanjivini K.*, 40 NY2d 1025, 1026-1027 [1976]). Concur—Richter, J.P., Manzanet-Daniels, Feinman, Kapnick and Gesmer, JJ.