Egan Jr., J.P.
 

 Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered February 17, 2016, which partially dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior order of child support.
 

 Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of, as relevant here, two children (born in 1982 and 1985).
 
 [1]
 
 In September 1999, after the parties filed competing petitions seeking to modify the father’s child support obligation, Family Court, among other things, directed the father to pay $69 per week in child support, effective June 4, 1999. As a result of his incarceration on an unrelated matter, the father made his last child support payment during the first week of September 2000.
 

 On October 6, 2004, the father filed a petition for modification of the 1999 support order seeking, among other things, a retroactive cessation of his child support obligation, effective June 2002, and a partial cancellation of his child support arrears so as to correspond with the dates on which the children had left the mother’s home and became self-supporting— specifically, August 2000 for the older child and June 2002 for the younger child. The following month, Family Court advised the father by letter that the mother had represented, during an appearance in Family Court, that the correct cancellation dates were June 28, 2002 for the older child and December 26, 2003 for the younger child. Family Court further indicated that, unless the father disagreed, it would “enter an order granting [his] petition for cancellation of the support arrears to the extent conceded by [the mother].” The father promptly responded to the court’s letter, stating that he objected to the dates alleged by the mother and requesting a hearing.
 

 Inexplicably, Family Court did not enter an order on the father’s modification petition until August 2015, nearly 11 years later. Family Court, among other things, partially granted the father’s petition, finding that, because there had been a change in circumstances, the father was not obligated to pay child support for the children after December 26, 2003, that the father was entitled to a credit for child support that had accrued for the older child from June 2002 through December 26, 2003 and that the total amount of past due child support arrears was therefore $10,106.23.
 
 [2]
 

 Shortly thereafter, in September 2015, the father commenced this proceeding pursuant to Family Ct Act article 4, seeking a downward modification of the arrears established in Family Court’s 2015 support order based upon his previously alleged emancipation dates for the children. In the alternative, the father requested that his child support arrears be forgiven in light of his civil confinement on an unrelated matter and his deteriorating physical health. Following a hearing, a Support Magistrate ordered that the father’s child support arrears be reduced by $75 to reflect a payment that, as conceded by the mother, the father had made in 2004,
 
 [3]
 
 declined to modify the balance of arrears and, as a result, established a new arrears amount of $10,031.23. The father objected to the Support Magistrate’s order and requested a full hearing and the appointment of counsel. In a February 2016 order, Family Court denied the father’s requests and objections and upheld the Support Magistrate’s order. The father appeals, primarily arguing that Family Court erred in upholding the Support Magistrate’s determination.
 

 A parent is statutorily obligated to support his or her child until the age of 21 (see Family Ct Act § 413 [1] [a]; Matter of Chemung County Support Collection Unit v Greenfield, 109 AD3d 4, 6 n [2013]), unless the child is deemed emancipated at an earlier age as a result of, as relevant here, attaining “ ‘economic independence through employment’ ” (Matter of Drumm v Drumm, 88 AD3d 1110, 1112-1113 [2011], quoting Matter of Bogin v Goodrich, 265 AD2d 779, 781 [1999]; see Decker v Decker, 148 AD3d 1272, 1275 [2017]). Regardless of when a child is emancipated, a court “shall not reduce or annul child support arrears accrued prior to the making of an application” for modification pursuant to Family Ct Act article 4 (Family Ct Act § 451 [1]). In other words, pursuant to Family Ct Act § 451, a “court has no discretion to cancel, reduce or otherwise modify child support arrears accrued prior to the making of an application for such relief” (Matter of Zaid S. v Yolanda N.A.A., 24 AD3d 118, 118 [2005]; accord Matter of Mary P. v Joseph T.P., 132 AD3d 404, 404-405 [2015]; see Matter of Dox v Tynon, 90 NY2d 166, 175-176 [1997]; Matter of Hastie v Tokle, 122 AD3d 1129, 1130 [2014]). Accordingly, because “[c]hild support arrears must be awarded in full, regardless of whether the defaulter has good cause for having failed to seek modification prior to their accumulation” (Matter of Dox v Tynon, 90 NY2d at 174 [emphasis omitted]), the obligor is required to pay all arrears accrued prior to the filing of his or her modification petition (see Matter of Moore v Abban, 72 AD3d 970, 973 [2010]; Matter of Barrow v Kirksey, 15 AD3d 801, 801 [2005], lv denied 5 NY3d 701 [2005]; Matter of Macauley v Duffy, 297 AD2d 680, 681 [2002]).
 

 In light of these well-settled principles, Family Court lacked the discretion to — as the father requested in his 2015 petition — cancel, reduce or otherwise modify the child support arrears that had accrued prior to the filing of his October 2004 modification petition (see Family Ct Act § 451 [1]; Matter of Dox v Tynon, 90 NY2d at 174; Matter of Moore v Abban, 72 AD3d at 972-973).
 
 [4]
 
 The statutory child support arrears cap applicable to noncustodial parents whose income levels fall below the federal poverty income guidelines (see Family Ct Act § 413 [1] [g]) does not limit the accrual of arrears prior to the filing of the father’s October 2004 petition (see Matter of Madison County Commr. of Social Servs. v Felker, 80 AD3d 1107, 1108 [2011]; Matter of Cortland County Dept. of Social Servs. v VanLoan, 77 AD3d 1135, 1136 [2010]). As such, Family Court properly denied the father’s objections and confirmed the Support Magistrate’s order (see Matter of Dox v Tynon, 90 NY2d at 174-176; Matter of Mary P. v Joseph T.P., 132 AD3d at 404-405; Matter of Zaid S. v Yolanda N.A.A., 24 AD3d at 118).
 

 To the extent that we have not specifically addressed those of the father’s arguments that are properly before the Court, they have been reviewed and found to be without merit.
 

 Lynch, Rose and Mulvey, JJ., concur.
 

 Ordered that the order is affirmed, without costs.
 

 [1]
 

 . The father and mother are also parents of another child who, prior to the 1999 filing of the parents’ petitions, was already emancipated and, therefore, is not subject to the instant proceeding.
 

 [2]
 

 . Despite the father’s letter indicating his objections to the cancellation dates alleged by the mother, Family Court purported to enter the order “on consent of the parties.”
 

 [3]
 

 . It is unclear from the record whether the father made this $75 payment prior to filing his October 2004 modification petition.
 

 [4]
 

 . In its August 2015 order, Family Court erred by awarding the father credit for child support arrears that had accrued prior to the filing of the father’s October 2004 modification petition (see Family Ct Act § 451 [1]; Matter of Dox v Tynon, 90 NY2d at 174-176). However, that order is not before us.