■ MARY A. CERRETANI, Appellant, v RALPH CERRETANI, Respondent. [734 NYS2d 324] —Peters, J. Appeal from a judgment of the Supreme Court (Monserrate, J.) ordering equitable distribution of the parties' marital property, entered June 27, 2000 in Broome County, upon a decision of the court.

In our prior review, we modified Supreme Court's judgment to reflect that defendant's 25% interest in Miller Aviation, Inc. (hereinafter Miller) constituted marital, not separate, property which was subject to equitable distribution (221 AD2d 814, 816). Remitting its valuation to Supreme Court, testimony was received from plaintiff's expert, Thomas Davis, a certified public accountant. The court, finding that Davis had never valued a fixed-based operation such as Miller, and neither gave consideration to the restriction on transfer imposed by the shareholder's agreement* nor discounted the valuation to reflect a lack of marketability of defendant's minority interest, rejected Davis' opinion and instead relied upon the shareholder agreement to determine its value. Awarding plaintiff a 50% eq-

---

* By such agreement, defendant was required to sell his shares to the corporation at a price per share "equivalent to the book value as shown on the last quarterly statement prepared by the accountant for the [c]orporation."

uitable share thereof, less credit for amounts already paid, it directed the submission of a proposed supplemental judgment.

Thereafter, by decision and order dated January 7, 1999, Supreme Court granted plaintiff's motion, pursuant to CPLR 5015 (a) (2), to reassess the value of Miller based upon its recent sale. A hearing was held at which testimonial and documentary evidence was presented which included a letter penned by Davis opining that the sale of Miller would not change his prior valuation. Defendant presented the testimony of Mark Chambers of Aviation Resource Group International, an organization that provides services to the business aircraft industry which includes the tracking of valuations of fixed-based operations, such as Miller, by regularly analyzing actual sales/acquisitions throughout the country. Over plaintiff's continuing objection to his qualification as an expert, Chambers detailed the methodology that he employed. Thereafter, Supreme Court opined that its prior valuation was low. Culling the testimony, beginning at a high range of Chambers' valuation which was notably close to that of Davis, the court concluded that the gross value of defendant's 25% interest in Miller would be $571,000. Then, relying on Chambers' opinion, the court discounted defendant's minority interest to reflect its reduced marketability due to the restrictions on sale in the shareholder's agreement and, accepting Chambers' midrate industry-formulated discount of 30%, valued defendant's interest at $400,000, yielding an award to plaintiff of $200,000. Plaintiff appeals.

Plaintiff preliminarily challenges Supreme Court's discretionary determination which permitted Chambers to testify as an expert. Noting that such determination "will not be disturbed in the absence of serious mistake, an error of law or abuse of discretion" (*Werner v Sun Oil Co.*, 65 NY2d 839, 840; *see, Aylesworth v Evans*, 225 AD2d 850, 851), we find no error. Valuing a closely held corporation is a complex matter for which "[t]here is no uniform rule" (*Amodio v Amodio*, 70 NY2d 5, 7). It requires " 'a discriminating consideration of all information bearing upon an enlightened prediction of the future' " (*id.*, at 7, quoting *Snyder's Estate v United States*, 285 F2d 857, 861). Considering Chambers' background and current employment, which was expansively spread upon the record, we find no abuse of discretion in Supreme Court's conclusion that he "possessed * * * the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable" (*Matott v Ward*, 48 NY2d 455, 459).

We next review whether Supreme Court abused its discretion in crediting Chambers' calculations, over that of Davis, when it further discounted defendant's interest by 30% (*see, Garvey v Garvey*, 223 AD2d 968, 972; *Strang v Strang*, 222 AD2d 975, 978; *Rosenstock v Rosenstock*, 139 AD2d 164, 168-169; *Wilbur v Wilbur*, 116 AD2d 953, 953-954). With no dispute that the methodology employed by each party's expert was acceptable and that a preference may be given to a certain methodology according to the purpose of the valuation or the industry in which the corporation operates (*see, Matter of Blake v Blake Agency*, 107 AD2d 139, 146-147, *lv denied* 65 NY2d 609), the Court of Appeals has cautioned that "[w]hatever method is used, however, must take into consideration inhibitions on the transfer of the corporate interest resulting from a limited market or contractual provisions" (*Amodio v Amodio, supra,* at 7). Hence, the court noted that the higher range of value determined by Chambers was close to the value placed by plaintiff's expert; the difference, however, was Chambers' application of a 30% discount of that value to reflect defendant's status as a minority shareholder in this closely held corporation. With the record describing the basis upon which Chambers made such adjustment, there being an accepted range of 20% to 40%, and it being established that the restriction upon the transfer of stock in a closely held corporation is a factor which should be considered (*see, id.,* at 7), as is a discount for lack of marketability (*see, Kalisch v Kalisch*, 184 AD2d 751, 753; *Matter of Blake v Blake Agency, supra,* at 149), we cannot find that Supreme Court abused its discretion in crediting Chambers' calculations.

As plaintiff's final contention is grounded upon a decision which was never reduced to an order and from which plaintiff did not file a notice of appeal, said issue is not properly before this Court (*see, Roufaiel v Ithaca Coll.,* 280 AD2d 812, 814; *Barker v Menard*, 237 AD2d 839, 840, *lv denied* 90 NY2d 804).

Crew III, J. P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.