■ ARGYRO SCAMMACCA, Respondent, v PAUL SCAMMACCA, Appellant. [790 NYS2d 482]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Fitzmaurice, J.), dated August 21, 2003, as, after a nonjury trial, upon a finding that the plaintiff was entitled to 50% of the appreciation of certain real estate, and imputing $80,000 per year as the defendant's income for the purpose of determining child support, directed the defendant to pay a distributive award of $14,114 to the plaintiff, and directed the defendant to pay child support in the sum of $261.50 per week.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, the Supreme Court correctly imputed income to him from his construction business. The Supreme Court properly determined that the defendant's testimony with respect to this income was lacking in credibility. "A court is not bound by a party's account of his or her own finances, and where a party's account is not believable, the court is justified in finding a true or potential income higher than that claimed" (*Rohrs v Rohrs,* 297 AD2d 317, 318 [2002]; see *Peri v Peri,* 2 AD3d 425, 426 [2003]; *Gleicher v Gleicher,* 303 AD2d 549, 549-550 [2003]; *Matter of Thomas v DeFalco,* 270 AD2d 277, 278 [2000]).

We also reject the defendant's contention that the Supreme Court erred in awarding the plaintiff a share of the appreciation of certain real estate. Although the defendant's interest in that

real estate constituted separate property, the plaintiff was properly awarded a share of the appreciated portion of that interest (*see* Domestic Relations Law § 236 [B] [1] [d] [3]; *Hartog v Hartog,* 85 NY2d 36 [1995]; *Pulice v Pulice,* 242 AD2d 527 [1997]). Since the plaintiff directly and indirectly contributed to the increase in value of the property by assisting the defendant in the business and as a homemaker, the appreciation is considered marital property for the purpose of equitable distribution (*see Arvantides v Arvantides,* 64 NY2d 1033 [1985]; *Capasso v Capasso,* 129 AD2d 267 [1987]). Florio, J.P., Adams, S. Miller and Goldstein, JJ., concur.