■ AUDREY DANIEL, Respondent, v DAVID FRIEDMAN, Appellant. [803 NYS2d 129]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Donovan, J.), entered April 6, 2004, which, after a nonjury trial, inter alia, (1) directed him to pay maintenance to the plaintiff in the sum of $2,500 per month for a period of three years, (2) directed him to pay child support to the plaintiff in the sum of $4,000 per month until the emancipation of the parties' first child and, upon emancipation of the parties' first child, to pay child support in the sum of $3,317.08 per month until the emancipation of the parties' second child, (3) valued and distributed the parties marital property, and (4) awarded counsel fees to the plaintiff in the sum of $165,000.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provision thereof awarding counsel fees to the plaintiff in the sum of $165,000 and substituting therefor a provision awarding counsel fees to the plaintiff in the sum of $70,089.63; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The trial court has broad discretion in selecting dates for the valuation of marital assets (*see Kirshenbaum v Kirshenbaum,* 203 AD2d 534, 535 [1994]; *Wegman v Wegman,* 123 AD2d 220, 233 [1986]). "Courts have discretion to value 'active' assets such as a professional practice on the commencement date [of the action], while 'passive' assets such as securities, which could change in value suddenly based on market fluctuations, may be valued at the date of trial" but such formulations should be treated as helpful guideposts and not immutable rules (*Grunfeld v Grunfeld,* 94 NY2d 696, 707 [2000]; *see* Domestic Relations Law § 236 [B] [4] [b]; *McSparron v McSparron,* 87 NY2d 275, 288 [1995]). Although an economic downturn between the date of commencement of the action and the date of trial had an effect upon the value of the defendant's business, the evidence at trial demonstrated that the business had rebounded significantly and that there were signs of potential positive growth for the future, despite the defendant's contentions to the contrary. Accordingly, the trial court's determination to use the date of commencement of the instant action as the valuation date for the defendant's business was a provident exercise of its discretion.

The trial court providently exercised its discretion in awarding the plaintiff maintenance in the sum of $2,500 per month for a period of three years in light of the disparity in the par-

ties' incomes and the wife's ability to become self-supporting in the future as a result of her new career (*see Chalif v Chalif,* 298 AD2d 348 [2002]; *Damato v Damato,* 215 AD2d 348 [1995]). Contrary to the defendant's contention, there is ample evidence in the record to support the imputation of income to him. The award of child support was based upon a proper imputation of income to each of the parties.

It appears from the record that the defendant's obstructionist tactics substantially contributed to the protracted nature of this litigation. However, in consideration of all the relevant factors (*see* Domestic Relations Law § 237 [d] [1]-[4]; *Saslow v Saslow,* 305 AD2d 487 [2003]), including, inter alia, the complex nature and extent of the marital property, a prior pendente lite award of counsel fees to the plaintiff paid by the defendant in the sum of $25,000, the defendant's payment of the parties' expert fees in the sum of approximately $78,000, and the plaintiff's ability to pay some of her own counsel fees, we reduce the award of counsel fees from the sum of $165,000 to $70,089.63, the amount actually due and owing at the time of her application.

The defendant's remaining contentions are without merit. S. Miller, J.P., Krausman, Goldstein and Covello, JJ., concur.