■ FRANK RAND, Respondent, v CARMELA RAND, Appellant. [816 NYS2d 542]—

In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of the Supreme Court, Queens County (Gartenstein, J.H.O.), entered September 27, 2004, which, after a nonjury trial, inter alia, (1) valued the marital portion of the plaintiff's TIAA-CREF pension at the sum of only $308,761, from which she was awarded a one-half share, (2) directed the plaintiff to pay child support to her in the sum of only $368 per week, (3) valued the net proceeds of the sale of a cooperative apartment at the sum of only $60,000, and (4) declined to provide for college tuition for the children, in effect, without prejudice to renewal if either child attends college.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly concluded that the pre-tax $438,000 withdrawn by the plaintiff from his TIAA-CREF pension fund did not constitute waste or a dissipation of the parties' assets. The record supports the Supreme Court's finding that the plaintiff used the funds to pay legitimate expenses, much of which took the form of marital debts (*see K. v B.,* 13 AD3d 12, 29 [2004]; *Gonzalez v Gonzalez,* 291 AD2d 373, 374 [2002]; *Harbour v Harbour,* 227 AD2d 882, 883-884 [1996]). Having rejected the defendant's dissipation claim, the Supreme Court, using stipulated values, properly, indeed excessively, calculated the amount of the marital share.

In determining child support, the court may impute income based on a party's past income or earning potential (*see Nebons v Nebons,* 26 AD3d 478 [2006]; *Kalish v Kalish,* 289 AD2d 202, 203 [2001]; *cf. Gezelter v Shoshani,* 283 AD2d 455, 456 [2001]). Contrary to the defendant's contention, the determination to

impute the plaintiff's income at a level equal to his last year of salaried earnings was a proper exercise of the Supreme Court's discretion.

The defendant's remaining contentions are without merit. Crane, J.P., Goldstein, Luciano and Dillon, JJ., concur.