■ ROBERTA E. CARL, Respondent, v ALLAN J. CARL, Appellant. [874 NYS2d 269]—

Kavanagh, J. Appeal from a judgment of the Supreme Court (Mulvey, J.), entered August 23, 2007 in Chemung County, ordering, among other things, an award of maintenance to plaintiff, upon a decision of the court.

In 2005, after being married for 33 years, plaintiff (hereinafter the wife) and defendant (hereinafter the husband) separated and the wife subsequently commenced this matrimonial action. Before trial, the parties agreed on all issues except what amount, if any, should be awarded to the wife for maintenance, what share the wife should receive from the husband's pension and whether payments that the husband receives from a private disability insurance policy are a marital asset subject to equitable distribution. After a nonjury trial, Supreme Court distributed the husband's pension pursuant to the formula set forth in *Majauskas v Majauskas* (61 NY2d 481, 494 [1984]) and concluded that the payments he received from his private disability insurance policy are separate property not subject to equitable distribution. The court also awarded the wife $800 a month in maintenance for 10 years, with the proviso that this figure would be reduced by the amount that she received as her *Majauskas* share of the husband's pension ($523 per month), resulting in a final maintenance award of $277 per month. The husband now appeals and we affirm.

The principal argument made by the husband on this appeal is that any calculation of maintenance should not include the income that he receives for his disability. We disagree. Among the factors to be considered in determining maintenance is the total amount of each party's income, including that which each receives from separate property that is not otherwise subject to equitable distribution (*see* Domestic Relations Law § 236 [B] [6] [a] [1]; *Robbins-Johnson v Johnson*, 20 AD3d 723, 724 [2005]). Despite the husband's claim to the contrary, the fact that a portion of that income is derived from an asset determined to be separate property not subject to equitable distribution does not render that income immune from consideration in calculating a party's maintenance obligation (*see Gann v Gann*, 233 AD2d 188, 188-189 [1996]).*

The husband also contends that Supreme Court erred when it failed to impute to the wife income that she could have earned. At the time of trial, the wife was 51 years old and, other than providing child care, had not worked outside the home in over 10 years. She did not attend college and had no vocational training that would have enhanced her employment skills. The uncontroverted testimony was that while the parties were married, the wife did not work and did not develop any meaningful employment skills that would have enhanced her earning capacity because the husband had requested that she devote all of her time to the family home. After the husband left the marital home, the wife began a day care business that she operated out of her home and, while her income at the time of trial had been significantly reduced, this reduction was due in large part to the fact that she was no longer being reimbursed for care that she provided for two children who had been adopted by her daughter. Based upon these facts, Supreme Court did not abuse its "considerable discretion" in finding that it was inappropriate to impute income to the wife (*Coon v Coon*, 29 AD3d 1106, 1110 [2006]; *see Bellinger v Bellinger*, 46 AD3d 1200, 1202 [2007]; *Spencer v Spencer*, 298 AD2d 680, 681 [2002]).

The husband also claims that any maintenance calculation should take into account that, during the marriage, the wife mismanaged the family finances and, as a result, the parties were forced to file for bankruptcy on three separate occasions. However, evidence at trial established that the husband's spending habits played a significant, if not decisive, role in causing

* The disability benefits at issue here are not the result of a veteran's disability which would otherwise be precluded from consideration with respect to maintenance (*see* 10 USC § 1408; *Hoskins v Skojec*, 265 AD2d 706, 707 [1999], *lv denied* 94 NY2d 758 [2000]).

many of the parties' financial problems and supports Supreme Court's determination that the wife was not responsible for the dissipation of the parties' assets (*see* Domestic Relations Law § 236 [B] [6] [a] [9]; *Cohen v Cohen*, 28 AD3d 840, 842 [2006]; *Brzuszkiewicz v Brzuszkiewicz*, 28 AD3d 860, 861 [2006]).

In short, Supreme Court took into account all of the appropriate factors as delineated by Domestic Relations Law § 236 (B) (6) (a), including the parties' employment history, respective educational background and vocational skills, present and future earning capacity, age and health, each party's ability to become self-supporting, the duration of the marriage, and the present state of their finances (*see Arnone v Arnone*, 36 AD3d 1170, 1173 [2007]; *Holmes v Holmes*, 25 AD3d 931, 932-933 [2006]; *Carman v Carman*, 22 AD3d 1004, 1008 [2005]). The husband, a former correction officer, while disabled, has a total monthly income from Social Security disability and private disability of approximately $2,800, in addition to his pension. In contrast, the wife, while gainfully employed early in the marriage as a switchboard operator, stopped working in 1995 when the husband asked her to devote herself full time to the upkeep of the parties' home and her present income was approximately $1,000 per month, plus her share of the husband's pension, out of which she must pay $470 per month for health insurance. Further, the court directed that maintenance would cease before the husband stopped receiving income from his private disability policy. These factors, all of which were taken into account by the court, provide ample support for its final maintenance determination (*see Howard v Howard*, 45 AD3d 944, 945 [2007]; *Wheeler v Wheeler*, 12 AD3d 982, 983 [2004]).

The husband's remaining claims have been reviewed and found to be lacking in merit.

Peters, J.P., Rose and Kane, JJ., concur; Spain, J., not taking part. Ordered that the judgment is affirmed, without costs.