■ DIANE J. RICH-WOLFE, Respondent, v DANIEL G. WOLFE, Appellant. [922 NYS2d 593]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (Egan Jr., J.), entered January 11, 2010 in Rensselaer County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.

The parties were married in 1990 and have two sons (born in 1991 and 2000). Plaintiff commenced this action for divorce in September 2007. The parties stipulated as to the grounds for divorce and the custodial arrangement for their younger child (the older one being 18 years of age by the time of trial), their respective incomes for child support purposes, and the valuation and distribution of many marital assets. A nonjury trial was conducted in July 2009 on the unresolved issues, following which Supreme Court divided the marital estate equally and ordered defendant, who retained title to certain marital businesses, to pay a distributive award. The court further directed defendant to pay child support and durational maintenance, and denied plaintiff's application for counsel fees. Judgment was entered accordingly, and defendant now appeals.

Initially, we are unpersuaded that Supreme Court should have valued several construction and demolition businesses, formed

over the course of the parties' long marriage, as of the date of trial rather than the date of the commencement of the action. While marital property is generally valued at the time an action is commenced, Supreme Court is vested with broad discretion to set a valuation date anytime between the date of commencement and the date of trial (*see Mesholam v Mesholam*, 11 NY3d 24, 28 [2008]; *Fehring v Fehring*, 58 AD3d 1061, 1063 [2009]). Moreover, while not dispositive, the fact that the businesses constitute "active" assets weigh in favor of valuing them as of the date of commencement (*see Grunfeld v Grunfeld*, 94 NY2d 696, 707-708 [2000]; *Fox v Fox*, 309 AD2d 1056, 1058 [2003]). In this case, the profitability of the parties' businesses had declined after the date of commencement due to deterioration of the broader economy, but defendant did not dispute that the construction industry is a cyclical one that is strongly affected by economic conditions. He also sold one of the businesses and some assets of another for a substantial sum of money in 2008, and provided nothing to indicate that the remaining businesses would not recover as the economy improved. As such, Supreme Court properly selected the date of commencement as the valuation date (*see Grunfeld v Grunfeld*, 94 NY2d at 707-708; *Daniel v Friedman*, 22 AD3d 707, 708 [2005]). Nor are we persuaded that Supreme Court abused its discretion by relying upon the opinion of an expert, who was jointly retained by the parties, in setting their value (*see Cerretani v Cerretani*, 289 AD2d 753, 755 [2001]; *Timperio v Timperio*, 232 AD2d 857, 860 [1996]).

We turn next to defendant's contention that Supreme Court erred in awarding plaintiff half of the value of the businesses. Plaintiff helped in operating the businesses from their inception and eventually quit her job to labor full time for them. Indeed, defendant admitted that plaintiff ran the office and performed the bookkeeping for the businesses, and stipulated that she had made "substantial direct and indirect contributions" to the marital estate. Given these sizable contributions by plaintiff to the success of the businesses, Supreme Court did not abuse its significant discretion in awarding her half of their value (*see Redgrave v Redgrave*, 13 AD3d 1015, 1017-1018 [2004]; *Timperio v Timperio*, 232 AD2d at 860).

Turning to the issue of child support, Supreme Court did not sufficiently articulate its rationale in applying the statutory child support percentage to the parties' combined income over $80,000, but the record is sufficiently developed to permit us to do so (*see Matter of Gluckman v Qua*, 253 AD2d 267, 270-271 [1999], *lv denied* 93 NY2d 814 [1999]). The parties share physical custody of their younger son, with their older son spending

the bulk of his time with plaintiff. Plaintiff earns substantially less than defendant, is seeking better employment and may need to further her education in the meantime. Moreover, applying the statutory percentage to the parties' combined income over $80,000 will assist plaintiff in providing a predivorce standard of living for the children. Considering these relevant factors (see Domestic Relations Law § 240 [1-b] [former (c)], [f]), Supreme Court did not abuse its discretion in applying the statutory percentage uniformly (see Holterman v Holterman, 3 NY3d 1, 14-15 [2004]; Bellinger v Bellinger, 46 AD3d 1200, 1202 [2007]).

Although we do not agree with defendant's further contention that the older son is emancipated, he correctly notes that Supreme Court improperly calculated his basic child support obligation using the statutory percentage for two children beyond the older son's 21st birthday. As such, the judgment must be modified to reduce the basic child support obligation "upon the date that [the older son] reaches the age of 21 or is otherwise emancipated," the actual sum of child support due to be adjusted further based upon the amount of durational maintenance paid (Matter of Yarinsky v Yarinsky, 36 AD3d 1135, 1139 [2007]; see Azizo v Azizo, 51 AD3d 438, 440 [2008]; Lee v Lee, 18 AD3d 508, 511 [2005]).

We are also persuaded that Supreme Court abused its discretion in preventing defendant from declaring either child as a dependent for income tax purposes. Defendant shares custody of the parties' younger child and meets a substantial part of the children's financial needs, and we deem it appropriate to permit him to claim the younger child as a dependent in even-numbered years (see Pachomski v Pachomski, 32 AD3d 1005, 1007 [2006]; Junkins v Junkins, 238 AD2d 480, 482 [1997]; cf. Quinn v Quinn, 61 AD3d 1067, 1070 [2009]).

Defendant's remaining contentions have been considered and found to be without merit.

Mercure, J.P., Peters, Kavanagh and Stein, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by (1) reducing defendant's basic child support obligation to $492 a week upon the oldest child's 21st birthday or his earlier emancipation, and (2) granting defendant the right to claim the parties' younger child as an exemption for federal and state income tax purposes in even-numbered years, and, as so modified, affirmed.