In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Crecca, J.), dated November 18, 2010, as, upon a decision of the same court dated July 16, 2010, made after a nonjury trial, in effect, determined that Joseph Cusumano & Son, Inc., was marital property, set the valuation date of Joseph Cusumano & Son, Inc., for equitable distribution purposes as the date of the commencement of the action, determined that the value of Joseph Cusumano & Son, Inc., for purposes of equitable distribution was $794,000, directed that he was solely responsible for any tax payments, interest, and penalties due in connection with certain joint tax liability of the parties, imputed to him a yearly income of $400,000, awarded the plaintiff child support in the sum of $1,371.15 per week, awarded the plaintiff maintenance in the sum of $6,000 per month for a period of seven years, awarded the plaintiff an attorney’s fee in the sum of $107,500, and awarded the plaintiff a valuation expert fee in the sum of $56,000.
Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.
A trial court has broad discretion to select an appropriate *989 date for measuring the value of a marital asset (see Mesholam v Mesholam, 11 NY3d 24, 28 [2008]; McSparron v McSparron, 87 NY2d 275, 287 [1995]; Taverna v Taverna, 56 AD3d 461, 462 [2008]; Kirshenbaum v Kirshenbaum, 203 AD2d 534, 535 [1994]). Under the circumstances, the Supreme Court providently exercised its discretion in using the date of the commencement of the action as the valuation date for Joseph Cusumano & Son, Inc. (see Rich-Wolfe v Wolfe, 83 AD3d 1359, 1359-1360 [2011]; Daniel v Friedman, 22 AD3d 707, 708 [2005]). Furthermore, in determining the value of that corporation for equitable distribution purposes, the Supreme Court properly relied upon the opinion of the plaintiffs valuation expert (see Wasserman v Wasserman, 66 AD3d 880, 882 [2009]; Ivani v Ivani, 303 AD2d 639, 640 [2003]; L’Esperance v L’Esperance, 243 AD2d 446, 447 [1997]; cf. Merzon v Merzon, 210 AD2d 462, 464 [1994]; Wilbur v Wilbur, 116 AD2d 953, 953-954 [1986]).
Under the circumstances of this case, the Supreme Court providently exercised its discretion in directing that the defendant was solely responsible for any tax payments, interest, and penalties due in connection with certain joint tax liability of the parties (cf. Lago v Adrion, 93 AD3d 697 [2012]; Costello v Costello, 304 AD2d 517, 519 [2003]; Fiedler v Fiedler, 230 AD2d 822, 823 [1996]).
Contrary to the defendant’s contention, the Supreme Court properly imputed income to him for child support and maintenance purposes. A trial court “is not bound by a party’s account of his or her own finances,” and where, as the Supreme Court properly found here, a party’s account is not believable, “the court is justified in finding a true or potential income higher than that claimed” (Scammacca v Scammacca, 15 AD3d 382, 382 [2005] [internal quotation marks omitted]). Furthermore, contrary to the defendant’s contention, the Supreme Court properly imputed to him a yearly income of $400,000. That amount was reflective of his “past income” and “demonstrated earning potential” (Siskind v Siskind, 89 AD3d 832, 833-834 [2011]; see Steinberg v Steinberg, 59 AD3d 702, 705 [2009]; Scammacca v Scammacca, 15 AD3d at 382). Moreover, that amount was not deemed his income for child support purposes, since the Supreme Court, which made certain required deductions from that amount, and then made a discretionary downward adjustment, stated that it was “cap[ping]” his income at the significantly lesser amount of $230,000.
The amount and duration of maintenance are determinations committed to the sound discretion of the trial court (see Wortman v Wortman, 11 AD3d 604, 606 [2004]). Under the circum *990 stances of this case, the Supreme Court providently exercised its discretion with respect to the maintenance award (cf. Kaplan v Kaplan, 21 AD3d 993, 996 [2005]).
In a matrimonial action, an award of an attorney’s fee, as well as an award of an expert witness fee, are also matters committed to the sound discretion of the trial court (see Siegel v Siegel, 284 AD2d 389, 390 [2001]; Mitzner v Mitzner, 271 AD2d 513 [2000]). Here, the Supreme Court providently exercised its discretion in awarding the plaintiff an attorney’s fee in the sum of $107,500 and a valuation expert fee in the sum of $56,000 (see Ivani v Ivani, 303 AD2d at 639-640).
The defendant’s remaining contention is not properly before this Court. Skelos, J.P., Dickerson, Eng and Austin, JJ., concur.