■ CYNTHIA RENE ZLOOF, Respondent, v DROR EFI ZLOOF, Appellant. [961 NYS2d 510]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Grob, Ct. Atty. Ref.), dated August 11, 2011, which, upon a decision of the same court dated June 22, 2011, made after a nonjury trial, inter alia, directed him to pay child support in the sum of $3,396 per month commencing on July 1, 2011, and awarded the plaintiff maintenance in the sum of $2,250 per month for a period of five years commencing on July 1, 2011.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly reviewed the relevant factors in assessing the plaintiff's request for maintenance (see Domestic Relations Law § 236 [B] [6] [a]), and, under the circumstances of this case, the award of $2,250 per month for a period of five years constitutes a provident exercise of discretion (see Cusumano v Cusumano, 96 AD3d 988, 990 [2012]; Wortman v Wortman, 11 AD3d 604, 606 [2004]). In light of the Supreme Court's finding, which is supported by the record, that the testimony proffered by the defendant and his brother lacked credibility, the court properly imputed income to the defendant (see Cusumano v Cusumano, 96 AD3d at 990; Scammacca v Scammacca, 15 AD3d 382 [2005]). Contrary to the defendant's contention, no basis exists for imputing income to the plaintiff, and the court properly declined to do so. The record reflects that, inter alia, the plaintiff spent much of the parties' lengthy marriage caring for their children, and, at the defendant's request, did not work outside the home full-time during that period (see Carl v Carl, 58 AD3d 1036, 1037 [2009]).

The child support award was also proper under the circumstances (see Siskind v Siskind, 89 AD3d 832, 833-834 [2011]; Appel v Appel, 54 AD3d 786, 788 [2008]).

The defendant's remaining contentions are without merit. Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.