In an action for a divorce and ancillary relief, the defendant appeals from (1) a decision of the Supreme Court, Nassau County (Gibson, Ct. Atty. Ref.), dated March 23, 2011, made after a nonjury trial, and (2) a judgment of the same court entered April 18, 2011, which, among other things, upon the decision, is in favor of the plaintiff and against her in the principal sum of $387,700, and adjudged certain debts to be her individual debts.
Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,
Ordered that the judgment is affirmed; and it is further,
*655 Ordered that one bill of costs is awarded to the plaintiff.
On a prior appeal in this matrimonial action, this Court determined that the Supreme Court properly found the defendant in civil contempt for dissipating marital property in willful violation of a court order (see Biggio v Biggio, 41 AD3d 753 [2007]). After the Supreme Court issued its order setting forth that finding of civil contempt, the plaintiff moved to preclude the defendant from offering financial evidence at trial based upon the defendant’s repeated noncompliance with discovery demands (see generally CPLR 3126; H.R. Prince, Inc. v Elite Envtl. Sys., Inc., 107 AD3d 850, 851 [2013]). In an order dated July 26, 2006, the Supreme Court directed that the defendant be “precluded from offering any financial evidence on her own case[,] and any allegations offered by the [plaintiff] regarding the [parties’ two] corporations, if credible, shall be deemed true.” In an order dated June 24, 2009, the Supreme Court denied a motion by the defendant to be relieved from the preclusion order.
On the instant appeal, the defendant contends that, during the trial in 2010 on the issue of equitable distribution, the Court Attorney Referee (hereinafter the referee) improperly interpreted the order dated July 26, 2006, so as to preclude her from offering certain financial evidence. Contrary to the defendant’s contention, the referee correctly interpreted the plain language of that order and properly precluded her from adducing the financial information she sought to introduce into evidence.
The defendant’s remaining contention is unpreserved for appellate review. Dillon, J.E, Angiolillo, Leventhal and Lott, JJ., concur.
Cross motion by the respondent, on an appeal from a decision of the Supreme Court, Nassau County, dated March 23, 2011, and a judgment of the same court entered April 18, 2011, inter alia, to dismiss the first appeal on the ground that the right of direct appeal terminated upon entry of the judgment. By decision and order on motion of this Court dated March 6, 2012, that branch of the cross motion which was to dismiss the first appeal on the ground that the right of direct appeal terminated upon entry of the judgment was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the cross motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
*656 Ordered that the branch of the cross motion which was referred to the panel of Justices hearing the appeals is denied as unnecessary. Dillon, J.P., Angiolillo, Leventhal and Lott, JJ., concur.