■ DAVID BALAJ, Appellant-Respondent, v MARIA BALAJ, Respondent-Appellant. [25 NYS3d 244]—

Appeal and cross appeal from stated portions of a judgment of the Supreme Court, Westchester County (Linda Christopher, J.), dated January 23, 2014. The judgment, upon a decision of that court dated July 31, 2013, made after a nonjury trial, inter alia, directed the plaintiff to make certain maintenance

and child support payments, distributed the marital property, directed the plaintiff to pay the defendant the sum of $14,815 as pendente lite support arrears through March 2013, and directed the plaintiff to pay the defendant the sum of $20,000 in pendente lite support arrears for the period of April 1, 2013, through July 31, 2013.

Ordered that the judgment is modified, on the law (1) by deleting the provision thereof directing the plaintiff to pay the defendant the sum of $14,815 as pendente lite support arrears through March 2013, and substituting therefor a provision directing the plaintiff to pay the defendant the sum of $14,815 as pendente lite support arrears through February 2013, and (2) by deleting the provision thereof directing the plaintiff to pay the defendant the sum of $20,000 in pendente lite support arrears for the period of April 1, 2013, through July 31, 2013, and substituting therefor a provision directing the plaintiff to pay the defendant the sum of $25,000 in pendente lite support arrears for the period of March 1, 2013, through July 31, 2013; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff commenced this action for a divorce and ancillary relief against the defendant. After a nonjury trial, the Supreme Court entered a judgment of divorce. The plaintiff appeals, and the defendant cross-appeals, from various portions of the judgment.

Contrary to the plaintiff's contention, under the particular circumstances of this case, the Supreme Court providently exercised its discretion in calculating the defendant's income for the purposes of awarding spousal maintenance, calculating the parties' respective obligations to pay child support, and awarding an attorney's fee (see Domestic Relations Law § 236 [B] [6]; cf. Owens v Owens, 107 AD3d 1171, 1174 [2013]; Carl v Carl, 58 AD3d 1036, 1037 [2009]).

The Supreme Court also providently exercised its discretion in awarding the defendant 50% of the shares in the plaintiff's Schwab stock account, after the plaintiff received a separate property credit in the sum of $28,350. The plaintiff's shares in the account represented converted shares of bonuses which were part of the plaintiff's income during the marriage (see DeJesus v DeJesus, 90 NY2d 643 [1997]; Hendry v Pierik, 78 AD3d 784, 786 [2010]; Dermigny v Dermigny, 23 AD3d 429, 430 [2005]). The award to the plaintiff of a separate property credit in the sum of $28,350 was consistent with a stipulation entered into by the parties.

Income may be imputed to a party based on factors including

his or her educational background, past earnings, and employment potential (*see Zloof v Zloof*, 104 AD3d 845 [2013]; *Cusumano v Cusumano*, 96 AD3d 988, 990 [2012]; *Rand v Rand*, 29 AD3d 976 [2006]; *Scammacca v Scammacca*, 15 AD3d 382 [2005]; *Kalish v Kalish*, 289 AD2d 202 [2001]). Here, the Supreme Court properly imputed income to the plaintiff in the amount of only $150,000. Although his previous earnings were much higher than that amount, he provided credible evidence of a downturn in his field of employment.

"A trial court is vested with broad discretion in making an equitable distribution of marital property, and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (*Alper v Alper*, 77 AD3d 694, 694-695 [2010] [internal quotation marks omitted]; *see Sebag v Sebag*, 294 AD2d 560 [2002]). Here, the distribution of marital property and debt, as well as personal property, was not an improvident exercise of the court's discretion (*see Saleh v Saleh*, 40 AD3d 617, 617-618 [2007]).

The parties expressly stated in a stipulation entered on the record that support arrears were agreed upon through February 28, 2013. The judgment, and the decision after trial on which it is based, mistakenly recited that the support arrears were agreed to cover the period through March 2013, and awarded the defendant support arrears only for the months of April through July. We correct that error.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Hall, Roman and Sgroi, JJ., concur.