■ Susann Brown, Respondent, v John J. Brown, Appellant.
[47 NYS3d 424]—

Appeal by the defendant from a judgment of divorce of the Supreme Court, Nassau County (Geoffrey J. O'Connell, J.H.O.), entered June 4, 2014. The judgment, insofar as appealed from, upon a decision of that court dated January 17, 2013, made after a nonjury trial, (a) awarded the plaintiff 20% of the appreciation in value of certain of the defendant's separate property, a portion of the value of a personal injury award received by the defendant, and a 50% interest in a mortgage debt owed to the defendant, (b) failed to award the defendant any portion of the plaintiff's pension or retirement accounts, (c) equitably distributed the parties' bank accounts, and (d) awarded the plaintiff spousal maintenance, child support, spousal maintenance and child support arrears, and an attorney's fee.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The defendant, a New York City firefighter, received an award from the September 11th Victim Compensation Fund. The proceeds of this award were deposited into a joint checking account into which the parties regularly deposited the defendant's paycheck, and from which they paid marital expenses. In February 2005, the defendant purchased a house, purportedly for investment purposes, using the proceeds from that award.

The proceeds from an action to recover damages for personal injuries are considered separate property (see Domestic Relations Law § 236 [B] [1] [d] [2]; Chamberlain v Chamberlain, 24 AD3d 589, 593 [2005]). "For equitable distribution purposes, an award pursuant to the September 11th Victim Compensation Fund is the equivalent of a recovery in a personal injury action" (Howe v Howe, 68 AD3d 38, 44 [2009]). However, separate property that is commingled, for example, in a joint bank account, loses its character of separateness and a presumption arises that each party is entitled to a share of the funds (see Banking Law § 675 [b]; Sherman v Sherman, 304 AD2d 744 [2003]; Di Nardo v Di Nardo, 144 AD2d 906, 906 [1988]). "That presumption, however, may be overcome by clear and convincing evidence, either direct or circumstantial, that the account was created only as a matter of convenience" (Crescimanno v Crescimanno, 33 AD3d 649, 649 [2006]). The presumption may also be overcome by evidence that the account, although joint, is managed solely by one party (see

*Chamberlain v Chamberlain*, 24 AD3d at 593), or that the funds were deposited into the joint account only briefly (*see Wade v Steinfeld*, 15 AD3d 390, 391 [2005]). In this case, the Supreme Court correctly determined that by depositing the proceeds of the award into the parties' joint account, the defendant's separate property lost its character of separateness and a presumption arose that each party was entitled to a share of the funds, which was not rebutted.

Where separate property has appreciated as a result of the time and efforts of the titled spouse, and the nontitled spouse has assisted in these efforts, either directly or indirectly, then the appreciation is subject to distribution (*see Hartog v Hartog*, 85 NY2d 36, 46 [1995]; *Price v Price*, 69 NY2d 8, 11 [1986]; *Imhof v Imhof*, 259 AD2d 666, 667 [1999]). For a spouse to be entitled to a share of the appreciation in the value of the other spouse's separate property, he or she must demonstrate the manner in which his or her contributions resulted in the increase in value and the amount of the increase which was attributable to his or her efforts (*see* Domestic Relations Law § 236 [B] [1] [d] [3]; *Hartog v Hartog*, 85 NY2d at 48; *Price v Price*, 69 NY2d at 18-19; *Dinoto v Dinoto*, 97 AD3d 529, 530 [2012]; *Alper v Alper*, 77 AD3d 694, 695 [2010]; *Embury v Embury*, 49 AD3d 802, 804 [2008]; *Scharfman v Scharfman*, 19 AD3d 474 [2005]). The record supports the Supreme Court's determination that the direct and indirect contributions of the plaintiff, as the nontitled spouse, contributed to the appreciation in the value of the defendant's separate properties. Therefore, the plaintiff was entitled to a share of that appreciation (*see Hartog v Hartog*, 85 NY2d 36 [1995]; *Price v Price*, 69 NY2d at 18-19; *Hymowitz v Hymowitz*, 119 AD3d 736,739 [2014]; *Imhof v Imhof*, 259 AD2d at 667).

The Supreme Court providently exercised its discretion in calculating the defendant's income and imputing additional income to him based upon rental income and potential rental income from his properties (*see Balaj v Balaj*, 136 AD3d 672, 673 [2016]; *Matter of Rohme v Burns*, 92 AD3d 946, 946 [2012]; *Cusumano v Cusumano*, 96 AD3d 988, 990 [2012]).

The defendant's remaining contentions are without merit. Dillon, J.P., Miller, Hinds-Radix and Connolly, JJ., concur.