Sheehan v Sheehan (2018 NY Slip Op 03388)





Sheehan v Sheehan


2018 NY Slip Op 03388


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-03994
 (Index No. 5310/12)

[*1]Tammy L. Sheehan, respondent-appellant,
v
Lawrence F. Sheehan, appellant-respondent.


Law Offices of Thomas M. Gambino & Associates, P.C., Poughkeepsie, NY, for appellant-respondent.
Tammy L. Sheehan, Pleasant Valley, NY, respondent-appellant pro se.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals and the plaintiff cross-appeals from stated portions of a judgment of the Supreme Court, Dutchess County (Maria G. Rosa, J.), entered March 2, 2016. The judgment, insofar as appealed from, upon a decision of the same court dated December 21, 2015, and upon findings of fact and conclusions of law of the same court dated February 29, 2016, made after a nonjury trial, awarded the plaintiff 26% of the appreciated value of the defendant's business, equitably distributed the appreciated net cash value of the defendant's two life insurance policies and the proceeds of the expected foreclosure sale of the marital residence, awarded the plaintiff monthly maintenance in the sum of $2,100 for a period of three years, directed the defendant to pay the sum of $1,880 per month in child support, and awarded attorney's fees to the plaintiff in the sum of $25,000. The judgment, insofar as cross-appealed from, failed to award the plaintiff a credit for an equitable share of funds used by the defendant to pay his separate debt during the marriage, awarded the plaintiff monthly maintenance in the sum of only $2,100 for a period of only three years, and awarded the plaintiff attorney's fees in the sum of only $25,000.
ORDERED that the judgment is modified, on the law and on the facts, (1) by deleting the provision thereof awarding the plaintiff a portion of the appreciated net cash value of the defendant's two life insurance policies, and (2) by deleting the provision thereof awarding the plaintiff attorney's fees in the sum of $25,000, and substituting therefor a provision awarding the plaintiff attorney's fees in the sum of $40,000; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The parties were married on July 16, 2000, and have two children. The defendant, who owned a business comprising a gas station and an auto repair center, was the primary wage earner for the family. The plaintiff worked part-time as a bookkeeper for the business and was the primary caregiver for the children. This action for a divorce and ancillary relief was commenced in August 2012. The matter proceeded to a trial on the issues of equitable distribution, child support, and maintenance. The parties testified at trial and presented various other witnesses to support their respective positions. They each retained experts who opined as to the value of the defendant's business and how much it appreciated during the marriage. The Supreme Court, finding that the defendant's expert relied on financial information that was not made available to the plaintiff's [*2]expert, granted the plaintiff's motion to partially preclude the defendant's expert's testimony.
In the decision after trial, the Supreme Court accepted the valuation of the plaintiff's expert and determined that the plaintiff would be awarded 26% of the appreciated value of the defendant's business. The court recognized the defendant's life insurance policies to be his separate property, but nevertheless determined that the plaintiff would be awarded half of their appreciated net cash value. The court equally divided the remaining assets. The court denied the plaintiff's request for a credit for an equitable share of funds used by the defendant to pay his separate debt during the marriage. As for maintenance, the court found that the plaintiff, who was working full-time as a bookkeeper since the commencement of this action, was entitled to the sum of $2,100 per month for a period of three years. Regarding child support, the court determined that the defendant would be required to pay the sum of $1,880 per month. With respect to fees for experts and attorneys, the court determined that the parties were responsible for any outstanding fees charged by their experts, and that the plaintiff would be awarded attorney's fees in the sum of $25,000.
A judgment was issued based upon the Supreme Court's decision. The defendant appeals, and the plaintiff cross-appeals.
" The trial court is vested with broad discretion in making an equitable distribution of marital property . . . and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed'" (Nadasi v Nadel-Nadasi, 153 AD3d 1346, 1348, quoting Gafycz v Gafycz, 148 AD3d 679, 680).
The valuation of a marital asset must be founded in economic reality (see Douglas v Douglas, 281 AD2d 709, 711; Iwahara v Iwahara, 226 AD2d 346, 348). However, "[t]here is no uniform rule for fixing the value of a business for the purpose of equitable distribution. Valuation is an exercise properly within the fact-finding power of the trial court, guided by expert testimony. The determination of the factfinder as to the value of a business, if within the range of the testimony presented, will be accorded deference on appeal if it rests primarily on the credibility of expert witnesses and their valuation techniques" (Wasserman v Wasserman, 66 AD3d 880, 882 [citations omitted]; see Burns v Burns, 84 NY2d 369, 375; Greisman v Greisman, 98 AD3d 1079, 1081; Bricker v Bricker, 69 AD3d 546, 547; Nissen v Nissen, 17 AD3d 819, 821).
Initially, contrary to the defendant's contention, in light of his noncompliance with certain discovery obligations, the Supreme Court did not err in partially precluding the defendant's expert from testifying at trial about the appreciated value of the defendant's business (see Biggio v Biggio, 110 AD3d 654; Raville v Elnomany, 76 AD3d 520, 521). In addition, the court providently credited the testimony of the plaintiff's expert who, through income-based and asset-based valuation methods, determined that the defendant's business appreciated by $768,602.50 over the course of the marriage (see Burns v Burns, 84 NY2d at 375; Greisman v Greisman, 98 AD3d at 1081; Cusumano v Cusumano, 96 AD3d 988, 989). Further, in view of the plaintiff's direct contributions to the business, as well as her indirect contributions as a homemaker and primary caregiver for the parties' children in this long-term marriage, we find that the court's award of 26%, or $199,836.65, was a provident exercise of discretion (see Domestic Relations Law § 236[B][5][d][7]; Fields v Fields, 15 NY3d 158, 162; Arvantides v Arvantides, 64 NY2d 1033; Hymowitz v Hymowitz, 119 AD3d 736, 739; Golden v Golden, 98 AD3d 647, 649).
Property that is acquired by a spouse before marriage is considered separate property and is not subject to equitable distribution (see Domestic Relations Law § 236[B][1][d]; Scher v Scher, 91 AD3d 842, 844). In this case, it is undisputed that the defendant's two life insurance policies were obtained prior to the marriage and are, therefore, his separate property. While it would have been appropriate to distribute the appreciated cash value of the policies if the defendant had made contributions to them with marital funds (see generally Hymowitz v Hymowitz, 119 AD3d at 740; London v London, 21 AD3d 602, 603), the evidence establishes that the premiums were not paid with marital funds. Therefore, the Supreme Court should not have awarded the plaintiff a portion of the appreciated net cash value of these policies, and we modify the judgment accordingly.
The Supreme Court providently denied the plaintiff's request for a credit for an equitable share of funds used by the defendant to pay his separate debt during the marriage. "[W]here marital funds are used to pay off the separate debt of the titled spouse on separate property, the nontitled spouse may be entitled to a credit" (Bernholc v Bornstein, 72 AD3d 625, 628; see Mahoney-Buntzman v Buntzman, 12 NY3d 415, 421; Khan v Ahmed, 98 AD3d 471, 472-473). Here, the credible evidence established that the payments the defendant made toward his separate debt during the marriage were made with separate funds (see generally Mahoney-Buntzman v Buntzman, 12 NY3d at 421; cf. Davidman v Davidman, 97 AD3d 627, 628).
Contrary to the defendant's contention, it was appropriate for the Supreme Court to impute income to him for child support and maintenance purposes. "A trial court is not bound by a party's account of his or her own finances,' and where, as the Supreme Court properly found here, a party's account is not believable, the court is justified in finding a true or potential income higher than that claimed'" (Cusumano v Cusumano, 96 AD3d at 989, quoting Scammacca v Scammacca, 15 AD3d 382, 382; see Bauman v Bauman, 132 AD3d 791, 793; DiPalma v DiPalma, 112 AD3d 663, 664; Greisman v Greisman, 98 AD3d at 1080).
Under the circumstances of this case, the Supreme Court also providently exercised its discretion in awarding spousal maintenance to the plaintiff in the sum of $2,100 per month for a period of three years. The court limited the duration of the award to a reasonable time to allow the plaintiff to fulfill her plan to obtain her Associate's Degree and training that will enable her to be self-supporting and regain self-sufficiency (see O'Brien v O'Brien, 66 NY2d 576, 585; Volkerick v Volkerick, 153 AD3d 885, 887). The plaintiff and the defendant have failed to establish that the amount or duration of the spousal maintenance award was inadequate or excessive, respectively, and, as such, the court's determination will not be disturbed.
The defendant's contention that the annual amount of durational maintenance should have been deducted from his income in computing the amount of child support is without merit (see Domestic Relations Law § 240[1-b][b][5][vii][C]; Golden v Golden, 98 AD3d 647, 649; Kerrigan v Kerrigan, 71 AD3d 737, 738; Smith v Smith, 1 AD3d 870, 873).
Considering the parties' relative circumstances and other relevant factors, the award of attorney's fees to the plaintiff in the sum of $25,000 was inadequate. Accordingly, we modify by increasing the award of attorney's fees to the sum of $40,000 (see Domestic Relations Law § 237; Daniel v Friedman, 22 AD3d 707, 709).
The parties' remaining contentions are without merit.
CHAMBERS, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court