Eschemuller v Eschemuller (2018 NY Slip Op 08916)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Eschemuller v Eschemuller

2018 NY Slip Op 08916

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-04813
(Index No. 201636/07)

[*1]Nancy Eschemuller, respondent-appellant, 
vJohn Eschemuller, appellant-respondent.

Port and Sava, Lynbrook, NY (Gary B. Port of counsel), for appellant-respondent.
Rubin & Rosenblum, PLLC, Melville, NY (Debra L. Rubin of counsel), for respondent-appellant.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals and the plaintiff cross-appeals from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Sondra K. Pardes, J.), entered January 19, 2016. The judgment of divorce, upon an amended decision after trial of the same court dated May 1, 2015, and an order of the same court dated September 21, 2015, among other things, distributed the parties' assets.
ORDERED that the judgment of divorce is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The parties were both born in 1947. They were married on August 10, 1969, and have two emancipated children. The defendant earned his MBA and professional engineer's license during the course of the marriage. The plaintiff has a master's degree in early childhood education, a license to teach in New York State, and had worked in such capacity.
The parties separated on May 11, 2007, and this action for a divorce and ancillary relief was commenced on or about June 7, 2007. By order dated December 5, 2007, the defendant was directed to pay the plaintiff the sum of $500 per week in temporary maintenance. The plaintiff had not received any maintenance payments since in or about February 2011. The parties' assets, as of the date of trial, were set forth in a statement of undisputed facts. Three motions by the plaintiff, inter alia, to have the defendant held in contempt for violations of extant court orders were referred to trial.
Marital property is defined as "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held" (Domestic Relations Law § 236[B][1][c]). Marital property does not include separate property (see id.). In a matrimonial action, the court must determine the respective rights of the parties in their separate or marital property (Domestic Relations Law § 236[B][5][a]). Separate property shall remain separate property (Domestic Relations Law § 236[B][5][b]). Marital property must be distributed equitably between the parties, considering the circumstances of the particular case and a number of statutory factors (see [*2]Domestic Relations Law § 236[B][5][c],[d]; Holterman v Holterman, 3 NY3d 1, 7; Scaramucci v Scaramucci, 140 AD3d 848, 849).
" The trial court is vested with broad discretion in making an equitable distribution of marital property . . . and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed'" (Linenschmidt v Linenschmidt, 163 AD3d 949, 950, quoting Gafycz v Gafycz, 148 AD3d 679, 680; see Spencer-Forrest v Forrest, 159 AD3d 762, 764; Scaramucci v Scaramucci, 140 AD3d at 849). Moreover, where a determination as to equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of witnesses is afforded great weight on appeal (see Linenschmidt v Linenschmidt, 163 AD3d at 950; Alper v Alper, 77 AD3d 694, 695; Schwartz v Schwartz, 67 AD3d 989, 990).
While equitable distribution does not necessarily mean equal distribution, when both spouses have made significant contributions to a marriage of long duration, the division of marital property should be as equal as possible (see Spencer-Forrest v Forrest, 159 AD3d at 763-764; Baron v Baron, 71 AD3d 807, 809; Granade-Bastuck v Bastuck, 249 AD2d 444, 445). Here, although the defendant was the more substantial wage earner throughout marriage, the plaintiff made both economic and noneconomic contributions to the marriage which allowed the parties to amass a substantial marital estate. Thus, the Supreme Court providently divided the parties' marital assets, in effect, equally (see Domestic Relations Law § 236[B][5][d]; Spencer-Forrest v Forrest, 159 AD3d at 764; Granade-Bastuck v Bastuck, 249 AD2d at 445).
The wasteful dissipation of assets by either spouse is an express factor which must be considered in determining equitable distribution (see Domestic Relations Law § 236[B][5][d][12]). The use of marital funds to pay legitimate expenses does not constitute a waste or dissipation of marital assets (see Epstein v Messner, 73 AD3d 843, 846; Rand v Rand, 29 AD3d 976, 976; Gonzalez v Gonzalez, 291 AD2d 373, 374). Contrary to the defendant's contention, the record fails to establish the plaintiff's wasteful dissipation of marital assets with regard to a certain trust account or the parties' children. Thus, the Supreme Court providently exercised its discretion in considering this factor as part of the equitable distribution award (see Domestic Relations Law § 236[B][5][d][12]).
The proceeds from an action to recover damages for personal injuries are separate property (see Domestic Relations Law § 236[B][1][d][2]; Brown v Brown, 147 AD3d 896, 896; Howe v Howe, 68 AD3d 38, 44). However, separate property that is commingled with marital property may lose its separate character (see Brown v Brown, 147 AD3d at 896; Goldman v Goldman, 131 AD3d 1107, 1108). Here, the defendant, inter alia, failed to establish that, over the years, certain personal injury awards retained their separate character (see Brown v Brown, 147 AD3d at 897; Goldman v Goldman, 131 AD3d at 1108; Harris v Harris, 97 AD3d 534, 537-538; see also Steinberg v Steinberg, 59 AD3d 702, 704). Accordingly, we agree with the Supreme Court's determination that the defendant failed to present sufficient evidence to support his claim of a set off for personal injury awards.
We agree with the Supreme Court's determination to issue the plaintiff a credit for maintenance arrears. Entry of a judgment for maintenance arrears against a party in default is mandatory unless the defaulting party shows good cause for his or her failure to apply for relief from a judgment or order directing such payment, prior to the accrual of such arrears (see Domestic Relations Law § 244; York v York, 250 AD2d 838, 839-840; Osborn v Osborn, 144 AD2d 350, 351; Penziner v Penziner, 123 AD2d 674, 676). Here, the defendant admitted that he defaulted in making obligatory maintenance payments and failed to show good cause why he did not move to modify the pendente lite order before the accrual of arrears.
Based on the proof adduced at trial, we agree with the Supreme Court's denial of the plaintiff's request for a credit for post-commencement contributions to her 403(b) account.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court